GEORGIA POWER COMPANY *v.* MOODY.

No. 12315. JUNE 22, 1938.

Judges Jones, Davis, and Dorsey were designated for this case, instead of Russell, C. J., Atkinson, P. J., and Hutcheson, J., disqualified.

*MacDougald, Troutman & Arkwright, Dudley Cook,* and *J. B. Moore,* for plaintiff in error. *Ulmer & Dowell,* contra.

JONES, Judge. The Court of Appeals requested instruction from the Supreme Court upon the following questions: (1) "Where a judge is related by affinity to a stockholder in a corporation, does the death of the blood relative of the judge (who was married to the stockholder and through whom the judge's relationship by affinity to the stockholder exists, as where the blood relative was the judge's sister and the stockholder was her husband) sever the relationship by affinity between the judge and the stockholder, where issue of the marriage survived?" (2) "Is the judge after the death of the sister, so related to her husband as to disqualify the judge from presiding in a case arising after the death of the sister, to which the corporation in which the husband owns stock is a party?" In *Georgia Power Co.* v. *Watts,* 184 *Ga.* 135 (190 S. E. 654, 110 A. L. R. 465), it was decided that a judge is disqualified to try a case in which his brother-in-law is a stockholder in the defendant corporation. The case now certified to this court differs from that case in this: The judge's sister through whom he was related by affinity to the stockholder, was dead when the case was tried, but left surviving her children by her husband, the stockholder in the defendant corporation. The last-mentioned decision having ruled that before the wife's death the judge was so related to the stockholder by affinity as to disqualify him from trying the

case, the question now is whether the death of the stockholder's wife, the judge's sister, removes the disqualification. A judge in Maine has gone so far as to hold that the relation by affinity is not lost on the dissolution of the marriage, any more than a blood relation is lost by the death of those from whom it is derived. "The dissolution of the marriage, once lawful, by death or divorce has no effect upon the issue, and can have no greater operation to annul the relation by affinity." Spear *v.* Robinson, 29 Me. 531, 545.

The general rule is that the husband is related by affinity to the blood relatives of the wife, and the wife is likewise related to the blood relatives of the husband. This relationship by affinity is dissolved by the death of either party to the marriage which created the affinity *provided the deceased party left no issue living.* In *Miller* v. *State,* 97 *Ga.* 653, 657 (25 S. E. 366), the trial judge followed the general rule and held the juror incompetent, because the juror's affinity, created by his marriage, had been dissolved by the death of his wife. On appeal the Supreme Court held: "Affinity is a principle ground of challenge either to the array or to the polls, and it continues if there be issue of the marriage," citing a case from New Jersey, one from North Carolina, and one from England. "The State, having set up the incompetency of the juror, carried the burden of proving . . affirmatively that the deceased wife left issue." In the instant case it appeared affirmatively that the deceased wife left living issue. Until the *Miller* decision is reversed, it is conclusive of the issue. The only distinction counsel makes between the *Miller* case and the case at bar is that the former was a criminal, while the latter is a civil, case, and that the children in the *Miller* case had an interest in the good name of the relative who was charged with murder. The ruling in the *Miller* case was not based on the quantum of interest, but on the degree of relationship between the juror and the accused. Of the three cases cited to uphold the ruling of the Supreme Court, two were civil cases. The case of *Parks* v. *Citizens Bank,* 40 *Ga. App.* 523 (150 S. E. 438), followed the *Miller* case. In the *Parks* case the trial judge's wife was the niece of C. C. Varnedoe, who married a stockholder in the plaintiff bank. C. C. Varnedoe died before the case came to trial, but was survived by his widow and their two children.

In view of the foregoing, we are of the opinion that the dis-

qualification of the judge is not removed by the death of his sister, where she left children of such marriage surviving at the time of the trial. Therefore, in reply to the specific questions propounded, we rule that the first of the two should be answered in the negative, and that the second, on the same state of facts, should be answered in the affirmative. *The Justices and Judges concur.*