48203. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. CARLSON et al.

ARGUED MAY 1, 1973 — DECIDED SEPTEMBER 24, 1973 — REHEARING DENIED OCTOBER 18, 1973.

Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr. , for appellant.

Findley & Ratcliffe, Thomas J. Ratcliffe, Jr., for appellees.

QUILLIAN, Judge. ■ While these are questions of first impression in this state, they have been decided in other courts. Code Ann. § 56-407.1 (b) (Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416; 1971, pp. 926, 927; 1972, pp. 882, 883) states in its material part: "A motor vehicle shall be

deemed to be uninsured if the owner or operator thereof be unknown: . . . Provided, that, in order for the insured to recover under the indorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured."

As is well stated in appellees' brief: "By either statutory provision or judicial decision, other jurisdictions have imposed a 'physical contact' requirement upon the right of an insured to recover against the unknown hit-and-run motorist. The object of this requirement is to eliminate fictitious claims of a driver who, through his own negligence, causes injury to himself without the involvement of another vehicle, and then seeks recovery on the grounds that it was due to a fictitious hit-and-run driver with the resulting fraud being perpetrated against the insurance company. See 25 ALR3d 1299 for a detailed summary of this subject. Those jurisdictions which have been confronted with the issue before this court, both having a statutory requirement and a judicially established requirement, have consistently held that physical contact by the unknown vehicle with an intervening vehicle which does make contact with the insured is sufficient 'physical contact' to meet the requirements of the applicable statute or judicial decision and the provisions of the policy in question. See 25 ALR3d 1299.

"In State Farm Mutual Automobile Insurance Company v. Spinola (1967, CA 5 Fla.), 374 F2d 873, the Fifth Circuit Court of Appeals had before it on declaratory judgment the same policy provision as is now before this court and the judicially declared requirement of 'physical contact' of the State of Florida. In this case, Spinola had stopped at an intersection, the intervening vehicle stopped immediately behind him and the hit-and-run vehicle collided with the intervening vehicle which in turn collided with Spinola. There was no physical touching between the unknown vehicle and the insured. The Fifth Circuit held that such contact with an intervening vehicle was sufficient to meet the requirements of the policy and the Florida judicial requirement. In reaching its decision, the Fifth Circuit cited as analogous and persuasive the decisions of Motor Vehicle Accident Idemnity Corp. v. Eisenberg (N. Y. Ct. of App., 1966), 18 N. Y. 2d 1 (271 NYS2d 641), and Inter-Insurance Exchange of Auto. Club of So. Cal. v. Lopez (Dist. Ct. of App. Cal., 1965), 238 Cal. App. 2d 441 (47 Cal.

Rptr. 834).

"In Inter-Insurance Exchange of Auto. Club of So. Cal. v. Lopez, supra, the California Court drew an analogy between the 'physical contact' requirement of the uninsured motorist law and the common law concept of 'physical contact' involved in battery. Finding that the physical touching essential to a common law battery comprehended any forceable contact brought about by any object or substance thrown or launched or set in motion by the defendant, the court concluded that the 'physical contact' requirement of the uninsured motorist law did not require a touching of the unknown hit-and-run vehicle and the insured, but might be met by contact brought about by an intervening vehicle set in motion by the hit-and-run vehicle.

"The Motor Vehicle Accident Indemnity Corp. case, supra, was decided subsequent to Inter-Insurance Exchange of Auto. Club of So. Cal. v. Lopez, supra, and followed the same rationale that the intervening vehicle was merely an involuntary intermediary and could not logically serve to insulate the insurance carrier from responsibility under the uninsured motorist statute of New York."

The appellant has cited authority to the contrary, Coker v. Nationwide Ins. Co., 251 S. C. 175 (161 SE2d 175). However, in that case there was contact between the insured's vehicle and one which was racing with the unknown motorist but no contact between the unknown driver's vehicle and the insured's or *with any other vehicle.*

The cases cited above represent the sounder view and are consistent with the legislative intent. Therefore we hold that there was sufficient physical contact to bring the appellees within the provision of the Uninsured Motorist Act.

■ In answer to the second question, Code Ann. § 56-407.1 (b) contains an independent and all-inclusive definition of the term uninsured motorist, the pertinent portions of which are: "As used in this section, . . . the term 'uninsured motor vehicle' means a motor vehicle . . . as to which there is (i) no bodily injury liability insurance and property damage liability insurance . . ." As we construe that statute there was no intent to incorporate within its purview Code § 92A-615 (Ga. L. 1951, pp. 565, 576; 1956, pp. 543, 561), granting exemption as to government-owned vehicles. The only reference to that law contained in Code Ann. § 56-407.1 is for the purpose of setting forth the manner for filing a report of the accident involved and for the purpose of expressly recognizing a deposit of security in lieu of liability insurance to be sufficient to

make the vehicle insured within the meaning of the Act. Since the statute does not exclude government-owned vehicles, a provision of the insurance policy could not serve to "circumvent the clear mandate of the Act." *State Farm Mut. Auto. Ins. Co. v. Barnard,* 115 Ga. App. 857, 858 (156 SE2d 148). See *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, 417 (167 SE2d 174). Hence, the question is answered in the negative. Vaught v. State Farm Fire & Cas. Co., 413 F2d 539.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*