62896, 62912. INSURANCE COMPANY OF NORTH AMERICA v. DORRIS (two cases).

Carley, Judge.

On the night of May 29, 1979, appellees in these companion cases were passengers in a pickup truck owned and operated by George Spears. The Spears' vehicle approached another pickup truck which was being driven in the opposite direction. As the two trucks met and passed, the mirrors affixed to the sides of the respective trucks struck each other. Spears stopped his truck to determine the extent of the damage and the other driver, who remains unidentified, turned his truck around and pulled alongside of the Spears' vehicle. Both men alighted and an altercation between Spears and the unidentified driver escalated to the point that the latter drew and pointed a pistol at Spears. Spears jumped back into his truck, instructed the appellees to lie on the floor, and sped away. The unidentified driver pursued them in his own truck and fired several shots, some of which struck the Spears' vehicle. During the course of this pursuit Spears lost control of his truck. Appellees received injuries when the Spears' vehicle ran off the road and overturned.

Pursuant to Code Ann. § 56-407.1 appellees filed "John Doe" complaints to recover for the injuries they sustained on the night of May 29, 1979. Appellant, the insurer which provided uninsured motorist coverage to appellees, was served with copies of the complaints and answered in its own name. Appellant subsequently moved for summary judgment in the actions on the ground that

appellees were not afforded uninsured motorist coverage for the injuries they had sustained. See *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165 (268 SE2d 676) (1980). Appellant's motion for summary judgment was denied. The application for an interlocutory appeal from the denial of appellant's motion for summary judgment was granted in order that we might address what is apparently a case of first impression in this state in the area of uninsured motorist coverage — the scope of coverage afforded for damages "arising out of" the use of an uninsured vehicle.

1. Under the terms of appellees' contract of insurance with appellant, in order for uninsured motorist coverage to exist it is necessary that the liability of the owner or operator of an uninsured motor vehicle "arise out of ownership, maintenance or use of the uninsured motor vehicle." In support of the argument that appellees' damages in the instant case do not come within this coverage, appellant relies, in essence, upon the deposition testimony of one of appellees and of Spears to the effect that, in their opinion, the "cause" of the loss of control of the Spears' truck was the shots fired by the unidentified motorist. Thus, according to appellant, appellees' injuries did not "arise out of the ownership, maintenance or use of the uninsured motor vehicle" but out of the unidentified motorist's firing of the gun. The fallacy in this argument is that it ignores the other evidence of record to the effect that the shots were fired by an unidentified motorist in the course of a high speed chase which had itself resulted from an incident indisputably arising out of the "use" of an uninsured vehicle. In *Southeastern Fid. Ins. Co. v. Stevens,* 142 Ga. App. 562 (236 SE2d 550) (1977), a case involving personal injury protection coverage but nonetheless relevant for purposes of contractual interpretation, it was held: "[T]he term 'arising out of' does not mean proximate cause in the strict legal sense, nor require a finding that the injury was directly and proximately caused by the use of the vehicle, nor that the insured vehicle was exerting any physical force upon the instrumentality which was the immediate cause of the injury . . . [A]lmost any causal connection or relationship will do . . . 'Case law indicates that the injury need not be the proximate result of "use" in the strict sense, but it cannot be extended to something distinctly remote. (Cit.) Each case turns on its precise individual facts. The question to be answered is whether the injury "originated from", "had its origin in", "grew out of", or "flowed from" the use of the vehicle.' " *Southeastern Fid. Ins. Co.,* 142 Ga. App. at 563-564, supra. Thus, the issue in the instant case is whether, construing the evidence most favorably for appellees, their injuries "arose from" the use of an uninsured vehicle.

In the instant case the injuries for which appellees seek damages

were not inflicted by the gun. They were injured when the truck in which they were passengers left the road and overturned. The reason why the truck left the road and overturned is because the driver lost control of his vehicle. Construing the evidence most favorably for appellees, the reason why the driver lost control of his truck is because he was being pursued by an unidentified vehicle and being shot at by its unidentified operator. Thus, appellees' injuries resulted from the overturning of the truck which in turn was caused by the unidentified driver's "use" of his truck as a means to effectuate a continuing assault over some three miles distance. See generally *Thomas v. State,* 99 Ga. 38 (2) (26 SE 748) (1896). Had it not been for the "use" of the unidentified truck, the continuing assault would not have happened and, presumably, appellees would not have been injured. As thus viewed, the liability of the unidentified driver for the injuries to appellees "arose from", "had its origins in", "grew out of" or "flowed from" his utilization of his vehicle as a means to perpetrate an unwarranted assault upon them. See *American Protection Ins. Co. v. Parker,* 150 Ga. App. 732 (258 SE2d 540) (1979). Under the evidence the crash of the Spears' truck was the result of the high speed chase during the course of which shooting occurred. "We are satisfied that where a connection appears between the 'use' of the [unidentified] vehicle and the [ultimate crash of appellees' truck] and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined." *Southeastern Fid. Ins. Co.,* 142 Ga. App. at 564, supra. Accordingly, we find no error in denial of summary judgment to appellant on the theory that, as a matter of law, the unidentified motorist's liability did not "arise out of" the use of his truck.

2. Appellant further asserts that it is entitled to summary judgment under the provisions of Code Ann. § 56-407.1 (b) (2): "[I]n order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured." It is appellant's contention that this statute imposes a requirement that appellees' injuries be the proximate result of a physical contact with the unidentified truck. Thus, according to appellant, since the Spears' truck left the road and overturned without any physical contact being made with the other vehicle, appellees are afforded no coverage for the resulting injuries.

" 'The object of this [physical contact] requirement is to eliminate fictitious claims of a driver who, through his own negligence, causes injury to himself without the involvement of

another vehicle, and then seeks recovery on the grounds that it was due to a fictitious hit-and-run driver with the resulting fraud being perpetrated against the insurance company.' " *State Farm Mut. Auto. Ins. Co. v. Carlson,* 130 Ga. App. 27, 29 (202 SE2d 213) (1973). In the instant case it is apparently undisputed, or at least must be assumed at this stage of the litigation, that there was "physical contact" between the Spears' truck and the unidentified vehicle. It was because of the physical contact between the mirrors on the respective trucks that the entire incident began. We believe that this satisfies the "physical contact" requirement of the statute and that all the appellees must show is that their subsequent injuries "arose out of" the unidentified driver's "use" of his automobile, which "'does not imply "remoteness," but does extend beyond actual physical contact.' " *Hartford Acc. & Indem. Co.,* 140 Ga. App. 3, 4 (230 SE2d 70) (1976). See also State Farm Mut. Auto. Ins. Co. v. LaSage, 559 SW2d 702, 703 (S. Ct. Ark. 1978) (holding that " '[b]ut for "causation, i.e., a cause and result relationship, is enough . . .' ' ") Thus, if "but for" the initial physical contact between the two trucks it can be said that appellees would not have sustained subsequent injuries resulting from the unidentified driver's "use" of his vehicle, coverage would be afforded. Accordingly, we find no error in the denial of appellant's motion for summary judgment premised on the ground that the appellees' injuries were not the immediate and proximate result of the initial physical contact between the two trucks.

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 22, 1982.

*George L. Simpson III,* for appellant.
*Dennis Cathey,* for appellees.