69386. MARTIN v. JOHN DOE.
(329 SE2d 291)

MCMURRAY, Presiding Judge.

The plaintiff brought this action under the uninsured motorist statute for the recovery of damages from his uninsured motorist carrier as a result of injuries arising out of an automobile collision. After discovery, both parties filed motions for summary judgment. The undisputed facts show that on June 23, 1983, the plaintiff was injured when the vehicle of Mrs. Shirley Tolbert swerved to avoid an unknown motorist and struck the plaintiff's automobile. There was no physical contact between the vehicle of the unknown motorist and the Tolbert vehicle. The unknown motorist left the scene and his identity has not been determined. From these facts, the court granted the defendant's motion for summary judgment and the plaintiff appeals. *Held*:

In his only enumeration of error the plaintiff contends that the trial court erred in granting the defendant's motion for summary judgment. At the time of the collision a requirement for recovery under the uninsured motorist statute was that there be physical contact between the insured vehicle and the unknown vehicle. OCGA § 33-7-11 (b) (2). This provision of the statute was amended, after the collision in question, to allow recovery with no physical contact when an eyewitness corroborates the claimant's description of how the collision occurred. OCGA § 33-7-11 (b) (2) (amended by Ga. L. 1983, p. 938, § 1, effective July 1, 1983). However, since this amendment was not effective at the time of the automobile collision, it does not apply to the case sub judice and we must look at the plaintiff's rights under the statute prior to the amendment. See *Wilmoth v. Henry County*, 251 Ga. 643, 644 (2) (309 SE2d 126); *Pulliam v. Doe*, 246 SC 106 (142 SE2d 861), in regard to retroactive application of uninsured motorist statute.

In his argument the plaintiff points out that the purpose of the

physical contact requirement was to eliminate fraudulent claims of negligent drivers who claimed recovery on the grounds that their accidents were due to the negligence of fictitious "hit-and-run" drivers. From this, the plaintiff cites *State Farm Mut. Auto. Ins. Co. v. Carlson*, 130 Ga. App. 27, 29 (1) (202 SE2d 213), and *Ins. Co. of North America v. Dorris*, 161 Ga. App. 46 (288 SE2d 856), arguing that since the intention of the statute has been satisfied (i.e., to prevent fraud) the presumption that the unknown "hit-and-run" driver was an uninsured motorist should be extended.

In citing *Carlson* and *Dorris*, the plaintiff is in essence arguing that we are dealing with a sequence of events set in motion by a "hit-and-run" vehicle, which proximately caused physical contact with the insured plaintiff's vehicle, and that proof of proximate cause satisfies the statutory requirement of physical contact. See *Page v. Ins. Co. of North America*, 256 Cal. App.2d 347 (7) (64 Cal. Rptr. 89, 93 (7)). We do not agree. The pivotal question in both *Carlson* and *Dorris* was not one of proximate causation, it was the meaning of "physical contact" as specified in the uninsured motorist statute. In those cases we held that where an unknown vehicle strikes an intervening vehicle, causing it to collide with the insured, the contact required by the statute is present, since the unknown vehicle may validly be said to have contacted that of the insured through the medium of the intervening vehicle. See 25 ALR3d 1299, 1304-1306, § 3 (b) for a detailed summary of this subject.

Since the statutory definition of an uninsured vehicle was clear, and since the required physical contact was not present, the status of the unknown vehicle as an uninsured vehicle was not established.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 26, 1985 —

*Stewart R. Brown*, for appellant.
*Cubbedge Snow III*, for appellee.