## 72466. BUTLER v. DOE et al.
(349 SE2d 34)

BEASLEY, Judge.

Butler filed suit against her uninsured motorist carrier, Wausau Insurance Company, and John Doe to recover for injuries she allegedly received in a collision with an uninsured motorist. Defendants served plaintiff Butler with interrogatories, one of which was: "Did the vehicle you were driving touch or come into contact with the alleged uninsured motorist's vehicle. If so, please describe with reasonable particularity the portion of your vehicle and the uninsured motorist's vehicle point of contact." In response plaintiff answered under oath, "No."

Defendants moved for summary judgment on the basis of OCGA § 33-7-11 (b) (2) in effect on the date of the accident, April 5, 1983, which required that: ". . . in order for the insured to recover . . . actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured." In opposition to the motion Butler filed her affidavit saying: "1. That on the date of the incident in question, the car which swerved in front of her grazed her bumper. 2. There was actual contact between the cars."

The trial court granted summary judgment to the insurer, specifically finding that it "must rely on the fact that no physical contact occurred between the uninsured motorist and the plaintiff insured" because the assertions in Butler's affidavit were in direct conflict with her sworn response to the interrogatory.

Butler appeals asserting that it was immaterial that there were inconsistencies between her answer to the interrogatory and her statements in the affidavit; that even when testimony is contradictory, the evidence must still be construed in favor of the party opposing the grant of summary judgment; that she was not so given the benefit of

all favorable inferences; and that whether or not contact occurred between her vehicle and that of the unknown motorist is a disputed issue of material fact precluding summary judgment. Her argument is that the contradiction simply raises an issue of credibility, a question for the jury.

1. Effective July 1, 1983, OCGA § 33-7-11 (b) (2) was amended. "However, since this amendment was not effective at the time of the automobile collision, it does not apply to the case sub judice and we must look at the plaintiff's rights under the statute prior to the amendment. [Cits.]" *Martin v. John Doe*, 174 Ga. App. 156 (329 SE2d 291) (1985). Therefore, if the record establishes as a matter of fact that there was no contact between plaintiff's vehicle and the unknown motorist, summary judgment was proper.

2. Should plaintiff's inconsistent statements have been construed against her so as to find that it was undisputed that no contact occurred between the two vehicles?

This question is answered by applying the analysis and rule given in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986) in which the Supreme Court clarified the circumstances under which the respondent's testimony on a motion for summary judgment is to be construed against him. In doing so, we conclude that plaintiff's sworn answer to the subject interrogatory and her affidavit are contradictory, which she does not deny, and that she did not offer to the trial court any reasonable explanation of the contradiction. That being the *only* evidence of a dispositive issue and so of her right to a verdict, the trial court was correct in construing the favorable portion of plaintiff's testimony, contained in the affidavit, against her to find that no physical contact occurred between her vehicle and that of the unknown motorist. With that fact, summary judgment in favor of the uninsured motorist carrier was demanded as a matter of law under former OCGA § 37-7-11 (b) (2).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 17, 1986.

*Steven E. Scheer*, for appellant.
*Robert M. Darroch, Elizabeth A. Obenshain*, for appellees.