73865. UNIVERSAL SECURITY INSURANCE COMPANY v. LOWERY.

(354 SE2d 840)

DEEN, Presiding Judge.

On January 17, 1985, the appellee, Yuwanna Lowery, was injured when a vehicle in which she was a passenger ran off the road and into a culvert. The vehicle was driven by Donald Belcher and insured by the appellant, Universal Security Insurance Company. Both Belcher and Lowery claimed that driving off the road had been necessary to avoid a head-on collision with another vehicle that had crossed the centerline. There was no physical contact between the two vehicles, and the other vehicle immediately left the scene. Both Lowery and Belcher filed claims under the uninsured motorist coverage of the policy issued by Universal Security, each corroborating the other's description of how the incident occurred. The trial court denied Universal Security's motion for summary judgment against Lowery in this case, and this interlocutory appeal by Universal Security followed. *Held*:

It was undisputed that the policy issued by Universal Security excluded coverage when there was no physical contact with the uninsured vehicle unless the facts could be corroborated "by competent

---

evidence other than the testimony of any person having a claim under this or any similar insurance as a result of such accident." OCGA § 33-7-11 (b) (2), however, eliminates the requirement of physical contact with an uninsured vehicle "if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." The issue presented by this case is whether, notwithstanding the policy exclusion, under the statute the eyewitness corroboration can be provided by another claimant involved in the incident.

Acknowledging that a literal reading of the statute justifies the trial court's denial of summary judgment in this case, Universal Security contends that such a construction defeats the legislative intent of eliminating fraudulent claims of negligent drivers. See *Martin v. John Doe*, 174 Ga. App. 156 (329 SE2d 291) (1985); *State Farm &c. Ins. Co. v. Carlson*, 130 Ga. App. 27 (202 SE2d 213) (1973). However, with the passage of OCGA § 51-1-36, abolishing the guest passenger rule, the interests of driver and guest passenger are sufficiently antithetical as to check the possibility of collusion in situations such as in this case. We conclude that under OCGA § 33-7-11 (b) (2) the corroboration may be provided by another occupant in the vehicle in which the claimant was injured, and the policy's exclusion is nugatory.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Sognier, Pope, Benham and Beasley, JJ., concur. Carley, J., concurs in the judgment only. Birdsong, C. J., dissents.*

BIRDSONG, Chief Judge, dissenting.

As I believe the majority opinion tends to thwart the legislative intent to preclude the potential for fraud claims made by a claimant against his insurer for a John Doe accident under uninsured motorist coverage in cases of non-contact accidents, I must respectfully enter my dissent thereto.

Under the provisions of OCGA § 33-7-11 (b) (2), physical contact is required between a John Doe vehicle and the claimant's vehicle before uninsured motorist coverage is afforded. This is to eliminate the likelihood of fictitious claims by one who, through his own negligence, causes injury to himself without the involvement of another vehicle, but who seeks recovery on the grounds that it was due to a fictitious hit-and-run driver, resulting in fraud being perpetrated against the insurance company. *Insurance Co. of N. America v. Dorris*, 161 Ga. App. 46, 47-48 (288 SE2d 856). An exception is carved out by the statute in that physical contact is not required if the description by the claimant of how the occurrence happened is corroborated by an eyewitness to the accident who is not a claimant.

As I perceive the intent of the legislature, a disinterested eyewitness must observe the accident and corroborate the contention of

proximate cause as being in a "miss-and-run" driver. Under such circumstances, such corroboration is as valid as actual contact with the John Doe vehicle. The statute patently has considered the possibility of an actual "miss-and-run" vehicle (that is a truthful assertion by a lone driver) but the legislature apparently determined that the potential for fraudulent claims overrides such valid claims. The determinative criteria would seem to be that the claim for financial recovery (greed) tends to override the honesty of such claims. Thus a single driver injury must be corroborated by actual contact and ascertainable damages by the John Doe car or by an unimpeachable eyewitness.

The result in the majority by allowing the driver and the passenger to corroborate one another is to vitiate the caution exercised by the legislature in requiring physical contact in a John Doe accident. The possibility of fraud by the driver and passenger is equally as great as fraud by the driver alone where each is a claimant against John Doe for the element of greed still can override the element of honesty.

Though there may be much merit in the argument that antithetical interests between the driver and passenger is a sufficient check to potential collusion, that antithesis should be shown by the filing of a complaint against the driver as well as the John Doe vehicle. The passage of OCGA § 51-1-36 had the effect only of increasing the duty owed to a passenger by the driver from slight care to ordinary care. The possibility of suit against the driver remains but the burden of proof has been reduced as to the passenger. Thus, the increased duty owed to the passenger does not suffice at the same time to reduce the burden of corroboration in a non-contact John Doe accident where both driver and passenger are claimants against John Doe and under the same insurance coverage. The holding in *Ins. Co. of N. America v. Dorris*, supra, after pointing out that Dorris (a passenger) and Spears (the driver) corroborated each other as to the John Doe vehicle, this court went to great length to show physical contact (between the two mirrors of the respective trucks as they passed). Though the actual injuries were caused by the John Doe driver (firing a pistol at Spears' vehicle resulting in Spears' losing control and overturning in a ditch), this court found the necessary corroboration in the contact and not in the corroborating statements of the joint claimants.

Though the rule of contact or uninvolved eyewitness may be harsh as ignoring actual encounters and truthful assertions such limitations appear to be contained within the language of the statute. Thus, we should not abandon that rule so as to provide corroboration by an eyewitness who is at the same time another occupant of the vehicle, who has instituted no antithetical claim and which supporting affiant is also a claimant against the insurer rather than the required disinterested eyewitness.

I respectfully dissent.

Decided February 12, 1987 —
Rehearing denied March 12, 1987 —

*Stanley A. Coburn, Stephen J. Caswell*, for appellant.
*Lloyd W. Hoffspiegel, David G. King, D. Glenn Brock, Michael E. Seigler*, for appellee.