75180. CONSOLIDATED GOVERNMENT OF MUSCOGEE COUNTY AND/OR COLUMBUS v. WILLIAMS.
(363 SE2d 20)

BANKE, Presiding Judge.

The appellee, Williams, sued the appellant (originally identified in the complaint as the "Consolidated Government of Muscogee County, Georgia") to recover for personal injuries he had allegedly sustained as the result of an "unsafe and unreasonably dangerous condition" existing at the intersection of two public roadways which the appellant was allegedly responsible for maintaining. An answer was filed by the "Consolidated Government of Columbus, Georgia," denying that the intersection was unsafe. Additionally, a motion to dismiss the action was filed, asserting that a "nonexistent political entity" had been named as defendant and that the complaint, in any event, failed to state a claim on which relief could be granted.

In response to the motion to dismiss, Williams filed an amended complaint in which he identified the defendant as the "Consolidated Government of Muscogee, County, Georgia and/or Columbus, Georgia." In addition, Williams amplified the factual and legal allegations on which his claim was based. The trial court subsequently denied the motion to dismiss. We then granted the city's application for an interlocutory appeal to examine its contention that the factual allegations set forth in the compliant were insufficient as a matter of law to establish an actionable breach of duty on its part. *Held*:

1. Initially, the city contends that Williams was not entitled to substitute a new defendant by amendment without first obtaining leave of court. However, it is abundantly clear that the amendment did not in fact name a new defendant but merely corrected a misno-

mer. Indeed, at one point in its brief on appeal, the appellant refers to itself as "Columbus, Georgia or Muscogee County."

"Where the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. [Cits.] Correction of a misnomer involves no substitution of parties and does not add a new and distinct party. [Cit.]" *Atlanta Veterans Transp. v. Westmoreland*, 123 Ga. App. 466 (181 SE2d 504) (1971). Accord *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983). This enumeration of error is consequently without merit.

2. The appellant contends that the complaint was additionally defective in that it asserted grounds for recovery not asserted in Williams' ante litem notice. However, it does not appear that a copy of the ante litem notice was attached to Williams' complaint. Consequently, the trial court could not have addressed this issue without considering matters outside the pleadings and thereby converting the motion to dismiss into a motion for summary judgment. See generally OCGA § 9-11-12 (b). There being no indication in the record that the trial court did so, this enumeration of error presents nothing for review.

3. A complaint may not be dismissed pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief may be granted "unless it can be said that under no conceivable state of facts which the plaintiff might prove under the allegations of the complaint would he be entitled to any relief. [Cits.]" *Sixth Street Corp. v. City Stores Co.*, 229 Ga. 99, 100 (189 SE2d 407) (1972).

Williams alleged in his amended complaint that his injuries had resulted from the city's failure to correct an "unsafe and unreasonably dangerous condition" existing at the intersection, of which it had actual or constructive knowledge. In addition, the amended complaint contains certain specific factual allegations concerning the nature of this alleged defective condition. The city contends that these latter allegations reveal as a matter of law that no valid basis for recovery exists.

Had Williams limited himself to the particularized factual allegations in question, we might be inclined to agree that the complaint states no claim for relief. However, it is expressly stated in the complaint that the alleged facts asserted therein are in addition to others not specifically set forth. Thus, we cannot conclude as a matter of law, at this stage of the proceedings, that there is no conceivable state of facts the plaintiff might be able to prove in support of his complaint which would entitle him to a recovery against the city for the knowing maintenance of a dangerous condition. See, e.g., *Town of Ft. Oglethorpe v. Phillips*, 224 Ga. 834 (165 SE2d 141) (1968); *Coppedge v. Columbus*, 134 Ga. App. 5 (213 SE2d 144) (1975); *City of Atlanta*

*v. Roberts*, 133 Ga. App. 585 (211 SE2d 615) (1974). See also *Columbus v. Preston*, 155 Ga. App. 379 (270 SE2d 909) (1980); *Barnum v. Martin*, 135 Ga. App. 712 (3) (219 SE2d 341) (1975). It follows that the trial court did not err in denying the motion to dismiss the complaint for failure to state a claim on which relief could be granted.

*Judgment affirmed. Carley and Benham, JJ., concur.*

ON MOTION FOR REHEARING.

On motion for rehearing, the city has submitted an affidavit from the judge of the lower court stating that the appellee's ante litem notice was "stipulated by the parties as being incorporated into [appellee's] pleadings" and was therefore treated by the court as being part of the complaint in ruling on the motion to dismiss.

" 'This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel.' (Cits.)." *Tingle v. Arnold, Cate & Allen*, 129 Ga. App. 134, 139 (2) (199 SE2d 260) (1973). "Exhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and afford no basis for reversal." *Taylor v. Bentley*, 166 Ga. App. 887 (2) (305 SE2d 617) (1983). Accord *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647) (1985).

In the event the record on appeal does not accurately reflect what transpired in the court below, a procedure is provided by OCGA § 5-6-41 (f) whereby a party may have the misstatement or omission corrected, either before or after the record is transmitted to this court. However, once the appellate court has rendered its decision in the case, that procedure is no longer available and therefore may not be used as a vehicle for securing the grant of a motion for rehearing or application for certiorari. *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355) (1984). "Once the appellate court renders its decision, OCGA § 5-6-48, . . . under which the action originates in the discretion of the appellate court, becomes the exclusive method for supplementing the record." Id.

We decline to exercise our discretion pursuant to OCGA § 5-6-48 to order such supplementation of the record in the present case for two reasons. In the first place, it would appear that the omission sought to be corrected resulted not from any error or omission on the part of the clerk of the trial court but rather from the failure of appellant's counsel to perfect the record. See generally *Bhatia v. West Cash & Carry &c. of Savannah*, 157 Ga. App. 145, 146 (276 SE2d 656) (1981). Secondly, our original decision in this case will not require the retrial of a case which has already been tried (compare *State v. Pike*, supra), nor will it prevent summary adjudication of any issues which

818

ought not to be tried. In this regard, we observe that it is the rare case in which a motion to dismiss for failure to state a claim, as opposed to a motion for summary judgment, will provide an appropriate procedural device for securing summary adjudication of the issues raised in a complaint, given that in order to prevail on a motion to dismiss the defendant must show "that the plaintiff could not possibly introduce evidence within the framework of his complaint sufficient to sustain a grant of the requested relief." *Willis v. Dept. of Revenue*, 255 Ga. 649, 650 (1) (340 SE2d 591) (1986).

*Motion for rehearing denied.*

DECIDED OCTOBER 21, 1987 —
REHEARING DENIED NOVEMBER 9, 1987 —

*Eugene H. Polleys, Jr., Ray L. Allison,* for appellant.
*C. Frederick Overby, James E. Butler, Jr.,* for appellee.