COWART, Judge.
Roger J. Younglove, named insured under an uninsured motorist coverage insurance policy issued by appellee State Farm Mutual Automobile Co., Inc., was married to Candace A. Younglove and, by virtue of that marriage, was thereby related as uncle by affinity to appellant Dean Anthony De-maio, the blood nephew of Candace. The insured and Candace were divorced but later Demaio was living in a household with the insured when Demaio was injured in an automobile accident involving an uninsured motorist. Demaio made demand on appel-lee State Farm for benefits under the insured’s uninsured motorist policy. Under the provisions of the policy Demaio would be entitled to benefits of such coverage if he were “related” to the insured at the time of the accident.
The trial court found that the insured’s divorce from Demaio’s aunt by blood terminated the uncle-nephew relationship by affinity that existed between the insured and Demaio by virtue of the marriage of Roger and Candace. Demaio appeals and we affirm.
Demaio’s sole “relationship” to the insured existed by virtue of the insured’s marriage to Demaio’s aunt by blood. The dissolution of that marriage relationship not only dissolved Roger’s relationship to *1245 Candace as wife, but also Roger’s relationship by affinity to all of Candace’s blood relatives, including Demaio.[1]
AFFIRMED.
ORFINGER and DANIEL, JJ., concur.

. 2A C.J.S. Affinity p. 514 (1972). See In re: Thompson's Estate, 169 Neb. 311, 99 N.W.2d 245 (1959); Zimmerer v. Prudential Ins. Co. of America, 150 Neb. 351, 34 N.W.2d 750 (1948); Lewis v, O’Hair, 130 S.W.2d 379 (Tex.Civ.App.1939); Georgia Power Co. v. Moody, 186 Ga. 343, 197 S.E. 844 (1938); Allen v. Cunningham, 143 Tenn. 11, 223 S.W. 450 (1920).