77463. SCOTT v. ALLSTATE INSURANCE COMPANY.
(378 SE2d 332)

BANKE, Presiding Judge.

Appellant Elunda Scott filed the present action against one Rodney Bernard Jackson to recover for injuries she had sustained in an automobile accident. She caused the appellee, Allstate Insurance Company, to be served as an uninsured motorist coverage carrier. The policy of insurance under which the appellant claims coverage was issued to her grandfather. Concluding that the appellant was not a "resident relative" of her grandfather's household at the time of the accident so as to qualify as an insured within the contemplation of the policy, the trial court granted Allstate's motion for summary judgment. See generally OCGA § 33-7-11 (b) (1) (B). This appeal followed. *Held*:

1. The appellant's testimony regarding her living arrangements was contradictory. During her deposition, she initially testified that she was living in a rooming house at the time of the accident and that she had moved into her grandfather's residence afterwards. However, she later indicated that she had moved "back home" approximately

six months prior to the accident. In an affidavit submitted in opposition to Allstate's summary judgment motion, she likewise averred that she had been living in her grandfather's home on the date of the accident. However, at no time did she offer an explanation for the contradiction in her testimony. Under these circumstances, the trial court was authorized to reject the favorable portion of her testimony and to rely on the portion which was unfavorable to her. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986); *Butler v. John Doe*, 180 Ga. App. 313 (349 SE2d 34) (1986).

2. The appellant also relies on certain deposition testimony offered by her grandfather to the effect that she was a resident of his household at the time of the accident. The deposition in question was not included in the record transmitted to this court. However, in their briefs on appeal both parties acknowledge the existence and contents of this deposition, referring to it by page number. Thus, the possibility suggests itself that this deposition may have been before the trial court at the time the motion for summary judgment was ruled on. Therefore, by virtue of the discretion vested in this court by OCGA § 5-6-48 (d), we have requested and obtained supplementation of the record on appeal by the inclusion of the grandfather's deposition. See *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984); *Consolidated Govt. &c. v. Williams*, 184 Ga. App. 815, 817 (363 SE2d 20) (1987). Having reviewed the testimony in question, we conclude that it would be sufficient to create a material question of fact as to whether the appellant was a resident of her grandfather's household at the time of the accident, so as to qualify her as an insured within the contemplation of the policy. We accordingly vacate the judgment of the trial court and remand the case for clarification as to whether this deposition was in fact before the court at the time the motion for summary judgment was ruled on. If it was not, then the grant of summary judgment was authorized. However, if it was, then the motion should have been denied.

*Judgment vacated and case remanded with direction. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 5, 1989 —
REHEARING DENIED FEBRUARY 1, 1989.

*Kane & Anderson, Daniel B. Kane,* for appellant.
*Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., Stefan E. Ritter,* for appellee.