A94A1632. AMERICAN AMBASSADOR CASUALTY COMPANY
v. CASH et al.
(445 SE2d 364)

BLACKBURN, Judge.

The appellant, American Ambassador Casualty Company, filed the instant declaratory judgment action to determine the company's liability for the payment of uninsured motorist insurance benefits under a policy issued to appellees Cindy and William Cash, both of whom asserted claims based upon an accident involving a phantom vehicle. Following a bench trial based upon stipulated facts submitted by the parties, the trial court concluded that the Cashes could act as corroborating witnesses under OCGA § 33-7-11 (b) (2) notwithstanding their matrimonial relationship. The court further concluded that the Cashes could proceed with their underlying tort action against American. This appeal followed.

The stipulation of facts submitted by the parties shows that the Cashes contend that Cindy Cash was the driver of the insured vehicle on November 6, 1988, when the vehicle was forced off the roadway after an unknown vehicle crossed the centerline rounding a curve in the opposite direction. There was no contact between the vehicles and there were no eyewitnesses to the accident other than the Cashes. Cindy Cash incurred medical expenses for injuries that she sustained in the accident, and William Cash, a passenger in the insured vehicle at the time of the accident, contends that he lost the companionship

and consortium of his wife as a result of this accident. The Cashes can corroborate each other's description of how the occurrence occurred as required under OCGA § 33-7-11 (b) (2).

"OCGA § 33-7-11 (b) (2), as amended, pertinently provides: 'A motor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown. In those cases . . . in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant.' . . . The last sentence to this Code section was added by the legislature 'so as to provide for coverage for accidents caused by unknown motorists where the unknown motorist's vehicle does not physically contact the insured's vehicle.' [Cit.]" (Emphasis deleted.) *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 49 (1) (397 SE2d 466) (1990).

The statute does not provide that the corroborating eyewitness must be a disinterested third party, unrelated to the claimant. "Reading the statute literally once more, we find that on its face it requires only corroboration by an eyewitness, regardless [of] whether the witness is an interested party. . . ." Id. at 50. "If the General Assembly had intended to require corroboration by a disinterested third party, it could have so specified." *Univ. Security Ins. Co. v. Lowery*, 257 Ga. 363, 364 (359 SE2d 898) (1987). In *Lowery*, the Supreme Court held that the corroborating eyewitness testimony required to satisfy the statute may be provided by an injured passenger who also has a claim against the uninsured motorist insurance carrier. Although the Court in *Lowery* recognized that the corroborating evidence presented therein may have been subject to credibility concerns, as in the case sub judice, nevertheless, the evidence was sufficient to support a claim for uninsured motorist benefits under OCGA § 33-7-11 (b) (2). In our review of *Univ. Security Ins. Co. v. Lowery*, 182 Ga. App. 125, 126 (354 SE2d 840) (1987), we likewise held that "under OCGA § 33-7-11 (b) (2) the corroboration may be provided by another occupant in the vehicle. . . ." Applying the Supreme Court's decision in *Lowery* to the facts presented herein, American's argument that the corroborating eyewitness under OCGA § 33-7-11 must be an unrelated, non-claimant, is without merit. We further decline to apply the rationale of the common-law doctrine of interspousal tort immunity to this case as requested by American since William Cash's claim for benefits is derivative of the claim being asserted by his wife.

The matrimonial relationship of Cindy and William Cash should

not preclude either from acting as a corroborating witness for the other under the applicable statute. To do so would be contrary to the legislature's clear intent in enacting this statute, and would deprive a class of Georgia citizens of a remedy based solely upon the nature and extent of their constitutionally protected associations. Contrary to American's assertion, the mere nature of the Cashes' relationship does not increase the possibility of collusion any more than the relationship of any other passenger and driver since most passengers ride in vehicles driven by people with whom they are acquainted.

Accordingly, the trial court did not commit error as enumerated.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 22, 1994.

*Greer, Klosik & Daugherty, Jeffrey F. Leasendale,* for appellant. *York, McRae & York, Michael H. York,* for appellees.

