A95A1975. BOSTON et al. v. ALLSTATE INSURANCE
COMPANY.
(463 SE2d 155)

BIRDSONG, Presiding Judge.

Appellants Derek Boston and Melissa Boston filed this action against Timontheus L. Williams to recover damages relating to injuries Derek Boston sustained in a motorcycle accident. They perfected service upon appellee Allstate Insurance Company, the uninsured motorist coverage carrier. Appellants sought uninsured motorist coverage from Allstate based on an insurance policy issued by Allstate to Derek Boston's stepfather. Concluding that appellant Derek Boston was not a "resident relative" of his stepfather's household at the time of the accident so as to qualify for coverage within the meaning of the insured's insurance policy, the trial court granted Allstate's motion for summary judgment. This appeal followed. *Held*:

The trial court found that as a matter of law Derek Boston "did not intend to permanently reside or to establish a 'continuing residence' with his parents." The court determined as a matter of law that Derek Boston was not a "resident relative" within the meaning of his stepfather's insurance policy; therefore, he was not covered by the insurance policy, and Allstate was entitled to summary judgment on all claims.

The Allstate policy provided uninsured motorist coverage for a "resident relative." The insurance contract defined "resident" or "reside" as follows: "means the physical presence in **your** household with the intention to continue living there." In finding as a matter of law that Derek Boston was not a resident relative, the trial court held his conduct to a higher standard than the explicit language of the contract. The contract merely specified *"physical presence in **your** household with the intention to continue living there."* (Emphasis supplied.) The court interpreted Derek Boston's inability to state with exactitude precisely how long he would be living with his parents to mean he "did not intend to permanently reside or to establish a 'continuing residence' with his parents." The court then concluded as a matter of law that all claims under the policy were barred since Derek Boston was not a "resident relative."

For the following reasons we find the trial court's conclusion erro-

neous. As we have noted in prior cases, "The ordinary and accepted meaning of the phrase 'one residing in the same household' in an insurance policy, pertains to one who physically maintains permanent or frequently utilized living accommodations." *Robertson v. Lumbermen's Mut. Cas. Co.,* 160 Ga. App. 52, 53 (286 SE2d 305) quoting *Southeastern Fidelity Ins. Co. v. McDonald,* 125 Ga. App. 394 (188 SE2d 162). According to the record, prior to the accident, Derek Boston had moved in with his parents and maintained a physical presence in his parents' home and nowhere else. The evidence in the record amply documents that the following four people agreed in their depositions that Derek Boston had vacated his marital residence and had moved in with his parents in early October 1992 about one month before the accident that was the basis for the initial lawsuit: Derek Boston, Melissa Boston, Juanita Piroleau and Anthony Piroleau, who are Derek Boston's mother and stepfather. Derek Boston had moved to his parents' home in anticipation of an impending divorce suit his wife had indicated an intent to file. For several months prior to Derek Boston's departure from his marital home, the appellants had been experiencing serious marital problems. Prior to their separation, the couple had attended approximately five marriage counseling sessions, and Melissa Boston had sought advice from her minister regarding the marriage. Because of their impending divorce and domestic strife, appellant Derek Boston moved into his parents' home in early October 1992. Upon leaving his marital home, appellant removed virtually everything he owned including a couch, futon, dining table and chairs, television, lamps, tables, chairs, as well as all his clothes and his two vehicles. From the time Derek Boston moved out until after the accident, appellants had no contact with each other. According to Melissa Boston's deposition testimony, there had never been a previous occasion when her husband had moved out because of their domestic problems, and she testified, "All I knew is he was going to stay with his parents indefinitely." After her husband moved out, appellant Melissa Boston had the locks changed on their apartment and consulted an attorney on October 12, 1992, concerning a divorce. After leaving his marital residence, Derek Boston spent every night at his parents' home. After his release from the hospital following the accident in November 1992, Derek Boston returned to his parents' home where he continued his recuperation until the couple finally reconciled in late February or early March 1993.

The only ambiguous evidence in the record regarding Derek Boston's residence at the time of the accident was in his stepfather's deposition. His stepfather commented that his stepson had moved in and out on previous occasions when he and his wife were experiencing marital difficulties. However, this testimony is clarified by his stepfather's subsequent remarks (see *Prophecy Corp. v. Charles Rossignol,*

*Inc.*, 256 Ga. 27 (343 SE2d 680)) and is contradicted by Derek Boston's mother's testimony. Counsel asked Anthony Piroleau, the stepfather, "In the weeks preceding this accident that we've been discussing today, did you, yourself, consider Derek a resident of your household?" To which he responded, "Yes, I did." When asked, "So you didn't know how long he planned to be at your house, is that correct?" He answered, "Exactly. As far as I'm concerned, he was going to be there forever." Derek Boston's mother testified that when her son moved in with them in October 1992, he brought everything and that, unbeknownst to her husband, she had granted her son permission to stay "until the divorce was over," an unknown length of time.

If there was ambiguity regarding the permanence of Derek Boston's residency at his parents' home, such ambiguity would merely have created a material question of fact. *Scott v. Allstate Ins. Co.*, 190 Ga. App. 135 (378 SE2d 332). In *Scott*, we noted that where there was equivocal or contradictory testimony, such ambiguity could be sufficient to create a material question of fact as to whether the person was, indeed, a resident of a household at the time of the accident. Id. at 136. Similarly, in *Platt v. Nat. General Ins. Co.*, 205 Ga. App. 705 (423 SE2d 387), a jury, not the trial court, made the determination of a daughter's residency status, for insurance contract purposes, where there was conflicting evidence in the record as to whether the insured's daughter was actually a member of her father's household. Id. See also *Lewis v. Dairyland Ins. Co.*, 169 Ga. App. 265 (312 SE2d 165) where a son's use of his father's address on a college application and son's denial of living with his father created a question of fact.

The fact that ultimately Derek and Melissa Boston did not divorce and reconciled several months after the accident is not determinative as to whether Derek Boston was a "resident relative" at the time of the accident. Nor would the fact that the Bostons later filed a joint income tax return for tax year 1992 be controlling. Instead, the exact insurance policy language requiring "physical presence in **your** household with the intention to continue living there" would control. Since the record contains sufficient evidence that Derek Boston was physically present in the insured's household as a resident and intended to continue to live in the insured's household until after the divorce was finalized, summary judgment as a matter of law was incorrect. Neither the policy language at issue here nor Georgia law required Derek Boston intend to live with his stepfather permanently in order to qualify as a "resident relative." OCGA § 33-7-11 (b) (1) (B).

Consequently, because there is ample evidence in the record to create a factual question as to whether Derek Boston was a "resident relative" so as to satisfy the contractual language of the insurance

policy, we reverse the court below.
*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 12, 1995.

*Sherwinter & McElroy, J. Glenn McElroy*, for appellants.
*Chambers, Mabry, McClelland & Brooks, James T. Budd*, for appellee.