A01A0246. RUTLEDGE et al. v. AUTO-OWNERS INSURANCE COMPANY.

(548 SE2d 86)

ANDREWS, Presiding Judge.

We granted this application for interlocutory review to consider the meaning of "relative" under Georgia law in the context of a certain insurance contract. Having determined that the trial court applied an erroneous definition of the meaning of that term, we reverse.

The issue of insurance coverage arose in these circumstances. On the night of September 21, 1996, Rachel Rutledge and her sole passenger, Rhonda Jackson, were involved in a single vehicle accident. Rutledge was driving a 1996 Nissan pickup truck belonging to John Thomas, the surviving spouse of her sister who died in October 1994. Both Rutledge and Jackson were injured when Rutledge lost control of the truck and it slammed into a tree. After Jackson brought a personal injury suit against Rutledge, Auto-Owners Insurance Company (Auto-Owners) filed a declaratory judgment action. Auto-Owners, the issuer of an automobile liability insurance policy to John Thomas, contended that Rutledge did not have permission to drive the vehicle and was not otherwise insured under Thomas's policy. Asserting that it had no duty to defend or provide any insurance coverage to Rutledge, Auto-Owners sought a declaration to that effect.

Rutledge, Jackson, and Jackson's uninsured motorist carrier, Metropolitan Property & Casualty Insurance Company (Metropolitan), filed separate answers to Auto-Owners' complaint. Subsequently, Auto-Owners moved for partial summary judgment on the basis that it had no duty to defend Rutledge, arguing that at the time of the loss, Rutledge was not a resident relative of its named insured, John Thomas. While acknowledging that coverage might be available for other reasons, Auto-Owners nevertheless sought partial summary judgment on that ground to "shorten the ultimate trial and narrow the issues for presentation to the jury."

Rutledge, Jackson, and Metropolitan, the defendants in the declaratory judgment action, filed a cross-motion for summary judgment against Auto-Owners. They contended that at the time of the accident, Rutledge was a "resident relative" within the meaning of the insurance policy due to her relationship to John Thomas and his son, Chris Thomas, Rutledge's 16-year-old nephew. They also claimed that Rutledge had permission from both John Thomas and Chris

Thomas to operate the truck involved in the accident.

The trial court awarded partial summary judgment to Auto-Owners on the basis that Rutledge was no longer a relative of John Thomas. The court found, "[t]he relationship between Defendant Rutledge and John Thomas was that of brother-in-law and sister-in-law. That relationship ended upon the death of Shirley Thomas." The trial court denied the cross-motion for summary judgment finding a genuine factual issue remained for resolution as to whether Rutledge had operated the vehicle with permission. This appeal followed.

1. Rutledge, Jackson, and Metropolitan contend that the trial court erred in finding as a matter of law that Rutledge was not a "resident relative" of John Thomas on the date of the automobile accident. We agree.

Insurance is a matter of contract, and parties are free to fix responsibility for various risks as long as the contract does not violate state law or public policy. See *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12, 13 (2) (372 SE2d 9) (1988). By law, "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." OCGA § 33-24-16. Under the statutory rules of contract construction, the contract will be construed strictly against the insurer/drafter. *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996). When an insurer agrees to provide coverage to an insured, any exclusions from that coverage must be defined clearly and distinctly. *American Southern Ins. Co. v. Golden*, 188 Ga. App. 585, 586 (373 SE2d 652) (1988).

With these principles in mind, we review the policy issued by Auto-Owners to Thomas. The policy was created in Georgia and issued and reviewed in this State. Auto-Owners' underwriting supervisor, Dan Sills, testified that this insurance contract was "subject to certain terms and conditions contained in the policy and applicable Georgia law." Under the "liability coverage" section, the policy states: "We will pay damages for bodily injury and damage to tangible property for which you become legally responsible and which involve your automobile. We will pay such damages on your behalf, *on behalf of any relative who lives with you*, or on behalf of any person using your automobile with your permission." (Emphasis supplied.) But, under the liability section, the term "relative" is not defined. The only definition of "relative" in the policy appears in the "uninsured motorist amendatory endorsement" and is instructive for purposes of analysis. That endorsement states: "1. You means the first named insured stated in the Declarations. 2. Relative means a person who resides with you and who is related to you by blood, marriage or adoption. Relative includes a ward or foster child who resides with you." It is

undisputed that Rutledge was residing with the policyholder, John Thomas, and his son, Chris Thomas, on the date of loss. Rutledge had moved in with the Thomases a few months earlier and was occupying a spare bedroom. Thus, the only remaining determination is whether under "applicable Georgia law," Rutledge remained a relative of John Thomas by marriage despite the intervening death of her sister, Shirley Thomas.

Black's Law Dictionary (6th ed. 1990) defines "relative" as: "A kinsman; a person connected with another by blood or affinity. When used generically, includes persons connected by ties of affinity as well as consanguinity, and, when used with a restrictive meaning, refers to those only who are connected by blood." Rutledge and Thomas are not connected by consanguinity, and in Auto-Owners' view, Rutledge ceased to be the sister-in-law of John Thomas on the day that her sister, Shirley Thomas, died. Apparently, as Auto-Owners points out, some other jurisdictions consider the relationship of affinity created by marriage to be terminated at death in these circumstances. Nevertheless, according to controlling Georgia law, the relationship created by affinity may sometimes continue after death. *Ga. Power Co. v. Moody*, 186 Ga. 343, 344 (197 SE 844) (1938). In *Moody*, the Supreme Court stated: "The general rule is that the husband is related by affinity to the blood relatives of the wife, and the wife is likewise related to the blood relatives of the husband. This relationship by affinity is dissolved by the death of either party to the marriage which created the affinity *provided the deceased party left no issue living*." (Emphasis in original.) Id. at 344. That rule is conclusive on this issue. See *Miller v. State*, 97 Ga. 653, 657 (2) (25 SE 366) (1895); *Parks v. Citizens Bank of Valdosta*, 40 Ga. App. 523 (2) (150 SE 438) (1929). Since John Thomas and Shirley Thomas had a son living when Shirley died, the relationship created by affinity in marriage between John Thomas and the decedent's sister, Rachel Rutledge, survived Shirley's death. Thus, Rutledge remains a relative of John Thomas. This meaning of "relative" comports with Georgia law and does not otherwise contradict the terms of the contract. See *Hurst*, 266 Ga. at 716-717. Therefore, Auto-Owners is obligated to provide coverage on behalf of Rutledge, regardless of whether Rutledge was a permissive user of the vehicle. *Boston v. Allstate Ins. Co.*, 218 Ga. App. 726, 728 (463 SE2d 155) (1995); *Golden*, 188 Ga. App. at 586. Had Auto-Owners, as the drafter of this policy wanted to narrow coverage for circumstances like these, it should have definitively done so. *Peachtree Cas. Ins. Co. v. Kim*, 236 Ga. App. 689, 690 (512 SE2d 46) (1999). We reverse the entry of partial summary judgment entered in favor of Auto-Owners and direct the entry of same in favor of Rutledge, Jackson, and Metropolitan. See *Hill v. Nationwide &c. Ins. Co.*, 214 Ga. App. 715, 718 (448 SE2d 747) (1994).

2. In light of this holding, we need not address the remaining issues.

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED APRIL 25, 2001

*Drew, Eckl & Farnham, Lawrence L. Bennett, Jr., Joe A. Weeks, Stephen M. Ozcomert*, for appellants.

*Conoscienti, Storm & Kendall, Michael C. Kendall*, for appellee.