### 50512. CARNES v. MOBLEY'S TIRE & RECAP SERVICE, INC.

Bell, Chief Judge.
This is a suit on an open account. At the conclusion of the evidence, plaintiff's motion for a directed verdict was granted.

It is uncontradicted that in May 1964 plaintiff extended credit to "Carnes Tire Sales," a partnership conducted by the defendant and his brother. In October 1964, a certificate of incorporation was issued to "Carnes Tire Sales, Inc." by the secretary of state. This fact of incorporation was not communicated to the plaintiff until October 1969, at which time credit sales to Carnes Tire Sales was discontinued and a cash basis instituted. In August 1966, defendant's brother died but defendant continued to operate Carnes Tire Sales and plaintiff continued to deal with defendant as before. In November 1971, a demand letter was mailed to defendant at Carnes Tire Sales seeking payment of the past due account to which no answer was made. There was no dispute as to the correctness of the account. *Held:*

1. There is no evidence to support the defense that the debt in issue was a corporate liability instead of the personal liability of defendant. While a certificate of incorporation was issued to "Carnes Tire Sales, Inc.," there is no evidence of any written or oral agreement with plaintiff that the corporation would be substituted for the partnership of Carnes Tire Sales on the obligation incurred. See *Robinson v. Reward &c. Mfg. Co.,* 120 Ga. App. 380, 383 (170 SE2d 724). Even after the death of defendant's brother, his co-partner, the defendant continued to operate the business. Death of one of the partners dissolves the partnership. Code § 75-107. But where a surviving partner, instead of treating the partnership as dissolved, continues the business as a partnership in the same manner and for the same purpose as before, he will be estopped to deny the existence of the partnership as to debts subsequently incurred within the legitimate business of the partnership. *Rowland v. Lovett,* 45 Ga. App. 123 (1) (163 SE 511). The evidence and all reasonable deductions demanded a verdict for plaintiff.

2. There was no error in allowing interest on the principal amount awarded. The evidence was not in dispute as to the correctness of the amounts of plaintiff's account. Defendant had ordered from a price list furnished by plaintiff and was furnished monthly statements reflecting those amounts. Interest is recoverable on an open account where the amount due

was expressly fixed and is a liquidated demand. *Rice-Stix Dry Goods Co. v. Freidlander Bros.,* 30 Ga. App. 312 (3) (117 SE 762).

3. Plaintiff in its complaint demanded a judgment from defendant in the principal amount of $8,063.74 plus $1,270.03 interest and costs. Documentary evidence was admitted establishing the principal amount as demanded. However, this figure included a one percent per month late charge. The trial court in directing the verdict for plaintiff would not allow the late charges which totaled $1,406.58. The court directed counsel for plaintiff to prepare a verdict. The directed verdict was erroneously computed by counsel as to the principal amount, as the verdict and the judgment which was entered for the principal amount reads $7,657.16, whereas it should have read $6,657.16 ($8,063.74 minus $1,406.58 equals $6,657.16). Plaintiff concedes this error in the entry of the amount of the principal debt. It is also agreed by the parties that this interest figure was equally erroneous but no correct figure has been agreed on. Therefore, we will affirm part of the judgment as to the principal amount on the condition that plaintiff, within 15 days from the date of the issuance of this opinion, write off that amount in excess of $6,657.16 exclusive of costs; otherwise, the judgment is reversed in its entirety. We reverse that part of the judgment with respect to the interest and direct the trial court to determine the correct amount of interest and accordingly to enter a new judgment for the interest.

*Judgment affirmed in part on condition and reversed in part. Webb and Marshall, JJ., concur.*

Argued April 7, 1975 — Decided May 29, 1975.

*Holcomb & McDuff, Frank D. Holcomb, Charles W. Field,* for appellant.
*Ernest J. Nelson, Jr.,* for appellee.