A90A1514. ROGERS v. SCHUMAN-MANN SUPPLY COMPANY, INC. et al.
(397 SE2d 463)

DEEN, Presiding Judge.

Jimmy Mason Rogers died in a one-vehicle collision when his truck left a road in Conyers, Georgia, and struck a loading dock of a building leased and operated by the appellee, Schuman-Mann Supply Company, Inc. No one witnessed the collision, but an individual, who was working on his truck approximately 200 feet away, heard the crash, looked up, and saw a white car straddling the centerline near the scene of the collision. The white car drove off hurriedly when this individual waved to it for help. There was no evidence of any physical contact between Rogers's truck and any other vehicle, and no skidmarks. Tests of blood taken from the decedent showed high levels of Valium and marijuana.

Rogers' father as administrator commenced this wrongful death action against Schuman-Mann, the City of Conyers, and Georgia Farm Bureau Mutual Insurance Company as an uninsured motorist carrier. The City of Conyers eventually was dismissed as a party, but the remaining defendants were granted summary judgment, and this appeal followed. *Held*:

1. The trial court granted summary judgment for the uninsured motorist carrier because there was no eyewitness corroboration of the description of the collision, which was required in the absence of actual physical contact, under OCGA § 33-7-11 (b) (2). *Hoffman v. Doe*, 191 Ga. App. 319 (381 SE2d 546) (1989). The theory of the collision, as propounded by an expert witness for the appellant, was that Rogers swerved to avoid the white car, which must have been pulling out onto the road, and consequently struck the loading dock. The testimony of the individual who heard the crash, and who looked up and saw the white car, was insufficient to corroborate the description of how the incident occurred, and the trial court properly granted summary judgment for Georgia Farm Bureau.

2. Schuman-Mann's loading dock, which had been in place since at least 1941, was set back less than five feet from the road. Since August 1, 1978, the set-back requirement for new construction in the City of Conyers has been 25 feet, but that zoning ordinance did not apply to the loading dock because of its pre-existing status. The evidence also showed that Rogers had driven up and down the street past the loading dock for several years. There had been no prior accidents involving the loading dock.

As noted by the trial court, since the loading dock encroached upon the public right-of-way, the legal status of Rogers at the time of the collision was that of licensee. " 'An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm.' [Cit.]" *Patterson v. Thomas*, 118 Ga. App. 326, 327 (163 SE2d 331) (1968). As indicated in the Restatement of the Law (2d), Torts, § 342, "[a] possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." See *Bragg v. Missroon*, 186 Ga. App. 803, 804 (368 SE2d 564) (1988).

Schuman-Mann obviously did not wilfully injure the decedent, and we do not believe the loading dock can reasonably be described as a hidden peril. There was nothing hidden about the loading dock; it was easily viewed from the road, and the decedent had driven by the dock many times over the past several years. There also was nothing hidden about the risk of injury upon colliding with such a concrete structure. Under these circumstances, as a matter of law there was no basis for subjecting Schuman-Mann to liability for the fatal collision.

3. Prior to being dismissed from the action, the City of Conyers filed two motions for protective orders to prevent unduly burdensome discovery and sought attorney fees for having to file such motions. After finding that the discovery requests made by the appellant, which included production of 40 years' worth of public records, taking the deposition of city employees a second time, and taking the deposition of an investigator and production of the investigative file, were unreasonable or involved work product, the trial court awarded the City of Conyers $1,317.50 attorney fees. We find no abuse of the wide discretion possessed by the trial court in such discovery matters. Cf. *Bridges v. 20th Century Travel*, 149 Ga. App. 837 (256 SE2d 102) (1979).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

It is conceivable that a person in close proximity to a collision might not be an eyewitness to the moment but might hear the sound of impact and, looking, see a damaged car drive away, leaving another

damaged car behind. That person may have seen the victim's car shortly before the collision, with no damage. Although this person's testimony would obviate the fraud secured against by the requirements of OCGA § 33-7-11 (b) (2), it would not supply the narrow type of corroborative evidence specified. Eyewitness means "one that sees or has seen an occurrence or an object with his own eyes and so is able to give a firsthand report on it." Webster's 3d New Intl. Dictionary (unabridged). "Eyewitness" cannot be judicially expanded to include "earwitness" or other sensory perception witness.

Even if such an elasticized meaning were given to the word by judicial interpretation based on the underlying purpose of the statutory provision, it would not aid plaintiff in this case. The sound he heard was not of the decedent's vehicle colliding with the phantom vehicle but rather with the loading dock. The sound did not connect the allegedly negligently-driven car with the wreck from which it emanated.

DECIDED SEPTEMBER 6, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*L. Thomas Cain, Jr.*, for appellant.

*McClain & Merritt, William S. Sutton, Drew, Eckl & Farnham, Nena K. Puckett, Theodore Freeman, McKenzie & McPhail, Donna O. Willis, Fain, Major & Wiley, Thomas E. Brennan, Greene, Buckley, DeRieux & Jones, Francis C. Schenck*, for appellees.