A90A1646. SHEA et al. v. STATE FARM FIRE & CASUALTY
COMPANY.
(403 SE2d 81)

BIRDSONG, Presiding Judge.

Charlotte Shea and Dr. Matthew McRae appeal from the trial court's judgment in favor of State Farm Fire & Casualty Company in an action on an open account. Shea and McRae were two of several partners in a general partnership which obtained workers' compensation insurance coverage from State Farm. State Farm sued the partners to recover past due earned premiums. After a bench trial, the trial court found that State Farm was entitled to recover premiums due on insurance policies which were in effect between March 1983 and April 1985.

Appellants complain that the trial court erred by ruling that the case was an action on account rather than a breach of contract claim, erred in finding for State Farm since appellants contend that State Farm did not prove its damages under a breach of contract theory, and erred in not finding that the incorporation of the partnership absolved appellants from personal liability to State Farm. *Held*:

1. Appellants complain that the trial court ruled that incorporation of a general partnership at will did not dissolve the partnership and that the incorporation of the general partnership did not bar individual liability of the former partners. The record shows, however, that the rulings of the trial court did not involve the principles which appellants now assert. In this instance, the trial court found that appellants, while operating as a partnership, contracted with State Farm to provide workers' compensation insurance and that after appellants incorporated they did not advise State Farm of the change in their status. Therefore, the premiums were debts of the partnership, and not the corporation. Moreover, since the judgment was for premiums due prior to the date on which State Farm became aware that the partnership had incorporated, the principles which appellants now assert have no application in this case. Under the circumstances, appellants remained personally liable for payments of the partnership's debts. *Carnes v. Mobley's Tire &c. Svc.*, 134 Ga. App. 913, 914 (216

SE2d 703). See *Jones v. Burlington Indus.*, 196 Ga. App. 834, 835-838 (397 SE2d 174).

2. Although appellants contend that the trial court erred by ruling that this case was an open account, and not an action for breach of contract, the record shows a pattern of billings and payments by appellants. That was sufficient to establish a prima facie case of an action on an open account (*Andrews v. Adams Drive, Ltd.*, 142 Ga. App. 32 (234 SE2d 835)), and the record adequately supports the trial court's findings against appellants. OCGA § 9-11-52 (a); *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 545-546 (382 SE2d 388). Accordingly, this enumeration of error is without merit.

3. Except as it may be incorporated in Division 2, appellants' enumeration of error asserting that State Farm failed to prove its damages according to the written contract of insurance is not supported by argument or citation of authority. Accordingly, it is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564).

Further in the argument section of their brief, appellants have extended their arguments to issues not raised in their enumerations of error. Enumerations of error cannot be enlarged at the appellate level by statements in the brief of counsel, and thus these assertions not enumerated as error were not preserved for consideration on appeal. *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991.

*Horne & Rice, M. Barton Rice, Jr., Dious, Bailey & Associates, I. Kenneth Dious*, for appellants.
*W. Christopher Bracken III*, for appellee.