A91A0965. SCOTT et al. v. ALLSTATE INSURANCE COMPANY.
(407 SE2d 492)

BIRDSONG, Presiding Judge.

Linda and Gary Scott appeal from the grant of summary judgment to Allstate Insurance Company, their uninsured motorist insurance carrier, on their John Doe uninsured motorist claim. The Scotts contend summary judgment was granted because of an overly technical interpretation of OCGA § 33-7-11 (b) (2).

The record shows three cars were driving on a five-lane interstate highway that is elevated above ground level. The first car, Mr. Green's, struck a cardboard box in his lane of travel. The box blocked Mr. Green's vision and he pulled to the left and slowed down. Mrs. Scott, driving the car immediately behind Mr. Green's, saw Mr. Green's car strike the box and slow down, and she was able to stop without hitting Mr. Green. Unfortunately, Mrs. Greenway, the driver of the third car, could not stop without hitting Mrs. Scott's car.

Subsequently, the Scotts filed suit against Mrs. Greenway and a John Doe uninsured motorist, the driver of a truck. The allegation against Mrs. Greenway was based upon her negligence in not stopping and the allegation against John Doe is based upon Mrs. Scott's assertion that she saw the box, which Mr. Green struck, fly off a truck that kept going.

The record shows neither Mr. Green nor Mrs. Greenway saw the box fly off the truck as Mrs. Scott alleges. Mr. Green's affidavit states he first saw the box in the middle of his lane and he had no idea from whence it came. Mrs. Greenway's deposition testimony states that the first time she saw the box it was on Mr. Green's car on the side of the road.

The trial court granted Allstate's motion for summary judgment because the Scotts cannot prevail on their uninsured motorist claim against John Doe since there was no physical contact between Mrs. Scott's vehicle and the John Doe truck, and because Mrs. Scott's description of how the collision took place was not corroborated by an eyewitness to the occurrence. See OCGA § 33-7-11 (b) (2). The Scotts contend this was error because all the drivers involved stated that the cardboard box blocked Mr. Green's vision causing him to slow down and by Mrs. Greenway's discovery responses stating the John Doe vehicle negligently allowed the box to fall off and create a dangerous condition. *Held*:

Although the Scotts correctly assert that Mrs. Greenway alleged that the box came from a John Doe vehicle, Mrs. Greenway's deposition testimony showed that she did not see the box fly off a truck. Further, Mr. Green is of no help to the Scotts' claims. Accordingly, neither Mr. Green nor Mrs. Greenway is an eyewitness who can corroborate Mrs. Scott's description of the occurrence. *Rogers v. Schuman-Mann Supply Co.*, 197 Ga. App. 59, 60 (397 SE2d 463). In *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359 SE2d 898), our Supreme Court affirmed a literal reading of OCGA § 33-7-11 (b) (2) that only an eyewitness can corroborate the claimant's description of the occurrence. An eyewitness, however, is required (*Rogers v. Schuman-Mann Supply Co.*, supra), and this court's decision in *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 50 (397 SE2d 466), did not eliminate that requirement.

Accordingly, as no eyewitness corroborated Mrs. Scott's description of the occurrence, the Scotts' reliance on corroboration of their claim by circumstantial evidence is misplaced. The trial court did not err by granting summary judgment to Allstate.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 2, 1991.

*Calhoun & Associates, Michael A. Lewanski*, for appellants.
*Barrow, Sims, Morrow & Lee, R. Stephen Sims*, for appellee.