A93A0260. MURPHY v. GEORGIA GENERAL INSURANCE COMPANY.

(431 SE2d 147)

POPE, Chief Judge.

Plaintiff/appellant Robert Murphy appeals the grant of summary judgment to Georgia General Insurance Company ("Georgia General"), plaintiff's uninsured motorist carrier. Plaintiff filed suit against a John Doe defendant, the driver of an unknown truck, seeking to

recover damages stemming from an accident occurring on April 23, 1991 in which plaintiff contends a pipe fell from the bed of the unknown truck, struck the windshield of his vehicle and caused him to lose control of his vehicle. It is undisputed that plaintiff is the only eyewitness to this accident. Georgia General answered the complaint and filed a motion for summary judgment.

The trial court correctly granted Georgia General's motion for summary judgment. This case is controlled by our decision in *Scott v. Allstate Ins. Co.*, 200 Ga. App. 296 (407 SE2d 492) (1991). In this case, as in *Scott*, the plaintiff cannot prevail on his uninsured motorist claim against John Doe because there was no physical contact between the plaintiff's vehicle and the John Doe truck and plaintiff's description of how the accident occurred was not corroborated by another eyewitness to the occurrence. Id. at 297; see OCGA § 33-7-11 (b) (2). Contrary to plaintiff's contention otherwise, it is now well-settled that the corroboration requirement set forth in OCGA § 33-7-11 (b) (2) can only be met by the testimony of an eyewitness to the occurrence and not by circumstantial evidence, including statements given by the plaintiff to police, testimony of the plaintiff in both affidavits and depositions and/or physical damage to the plaintiff's automobile. See *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359 SE2d 898) (1987); *Scott*, 200 Ga. App. at 297.

Plaintiff's reliance on our recent decision in *State Farm Fire &c. Co. v. Guest*, 203 Ga. App. 711 (417 SE2d 419) (1992) is misplaced, both because *Guest* offers only physical precedent and this case is factually distinguishable from *Guest*. In *Guest*, the plaintiff's vehicle struck an "integral part" (a tire assembly) of an unknown vehicle. Id. at 711. In this case, however, plaintiff's vehicle struck a pipe which he alleges was being transported as cargo and fell off an unknown truck. The pipe clearly is not a component or "integral part" of the unknown truck. Accordingly, plaintiff's argument that this case is governed by *Guest* must fail.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1993.

*Dozier, Akin, Lee & Graham, Neal B. Graham*, for appellant.
*Greer, Klosik & Daugherty, Robert J. McCune*, for appellee.