## A94A2565. BONE v. STATE FARM MUTUAL INSURANCE.
(452 SE2d 523)

JOHNSON, Judge.

The trial court wrote an excellent, thorough, complete and correct order in granting State Farm Mutual Insurance's motion for summary judgment. We adopt the trial court's order, set out below in full, verbatim, as our opinion in this case.

### ORDER OF THE TRIAL COURT.

"This case came before the Court on a Motion for Summary Judgment filed by State Farm Mutual Insurance, the Plaintiff's uninsured motorist carrier. Plaintiff John Bone responded, and an oral hearing was held on January 31, 1994. After considering the file as a whole, the Court finds that no genuine issues of material fact remain for resolution by a jury and that State Farm Insurance is entitled to judgment as a matter of law.

"On February 11, 1993, Plaintiff filed a 'John Doe' action against his uninsured motorist carrier. Under OCGA 33-7-11, a person can make a 'John Doe' claim against his uninsured motorist carrier if one of two situations exist. In the first scenario, actual physical contact must have occurred between the motor vehicle of the unknown party and the insured's vehicle. Under the evidence produced to this Court, there is no evidence that actual physical contact ever occurred between the Plaintiff's vehicle and the 'John Doe' vehicle.

"Plaintiff's evidence that actual physical contact occurred consists of two items: the affidavit of David Brown and the deposition of John Bone. In his affidavit, Mr. Brown states that between March of 1991, and November of 1991, he painted the Plaintiff's car, and it

evidenced no body damage. After the accident, Mr. Brown testified there was body damage 'as if' struck by a car. The corroboration element of OCGA 33-7-11 (b) (2) cannot be satisfied by circumstantial evidence, including physical damage to Plaintiff's car. *Murphy v. Georgia General Insurance Co.*, 208 Ga. App. 501, 431 S.E.2d 147 (1993). Mr. Brown's affidavit proves only circumstantial evidence of the collision, and cannot satisfy the corroboration requirements of the statute.

"Plaintiff also points to his own testimony to support his contention that actual physical contact occurred. However, Plaintiff's belief that impact occurred is based solely on the same circumstantial evidence found in Mr. Brown's affidavit: that his car was scuffed after the accident when it was not scuffed before the accident. Bone Depo. P. 87. Plaintiff testified that he neither felt, nor saw, contact between his car and the 'John Doe' car. *Id.* Such circumstantial evidence will not supply the necessary corroboration to satisfy OCGA 33-7-11. *Murphy*, 208 Ga. App. at 502. Therefore, Plaintiff has not supplied sufficient corroboration of actual physical contact to allow recovery under OCGA 33-7-11.

"In addition to actual physical contact, a plaintiff may recover for a 'John Doe' accident if the description by the claimant of how the accident occurred is corroborated by an eyewitness to the occurrence. The supporting testimony must, however, corroborate the material allegation of the plaintiff's description of how the accident occurred, *National Surety Corp. v. O'Dell*, 195 Ga. App. 374, 393 S.E.2d 504 (1990), and be made by an eyewitness. *Id.* at 376. Plaintiff points to the testimony of Tammy Huckaby to satisfy these requirements.

"After considering Ms. Huckaby's testimony, the Court finds that she could not sufficiently corroborate Plaintiff's allegations. She testified that she never observed the 'John Doe' vehicle cross the center line prior to the accident, Huckaby Depo. P. 38, that she never saw the two vehicles pass each other, Huckaby Depo. P. 31, and that she never saw Plaintiff's car strike the utility pole, Huckaby Depo. P. 31. The material allegations of Plaintiff's Complaint are that an unknown Volkswagen came down the middle of the road, and forced him into the curb. Ms. Huckaby's testimony does not substantiate that claim. In addition, this Court finds that Ms. Huckaby was not an eyewitness to the accident because she neither saw the two cars pass, nor the actual impact of Plaintiff's car. Therefore, Plaintiff has not fulfilled the eyewitness corroboration requirement of OCGA 33-7-11 (b) (2). Having found that Plaintiff has not complied with the statutory requirements of OCGA 33-7-11, this Court hereby GRANTS State Farm Insurance's Motion for Summary Judgment, and this case stands DISMISSED." (Trial court order ends.)

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Andrews,*

*Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., and Beasley, P. J., dissent.*

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent. "The object of [the alternative requirements of physical contact or eyewitness to the occurrence] is to eliminate fictitious claims of a driver who, through his own negligence, causes injury to himself without the involvement of another vehicle, and then seeks recovery on the grounds that it was due to a fictitious hit-and-run driver with the resulting fraud being perpetrated against the insurance company." *State Farm Mut. Ins. Co. v. Carlson*, 130 Ga. App. 27, 29 (1) (202 SE2d 213) (1973). The legislative intent is to eliminate fraudulent claims of negligent drivers. *Universal Security Ins. Co. v. Lowery*, 182 Ga. App. 125 (354 SE2d 840) (1987), aff'd 257 Ga. 363 (359 SE2d 898) (1987).

Originally, and at the time of *Carlson*, evidence of physical contact was the only door through which the insured could claim uninsured motorist coverage when the damage-causing driver was unknown. That physical contact did not even have to be direct but could be by the unknown vehicle with an intervening vehicle which makes contact with the insured vehicle. Id. Presumably because the physical contact requirement cut off legitimate claims, the legislature added an alternative door: the insured did not have to show physical contact if there was an eyewitness to the occurrence who corroborated the claimant's description of how it occurred. Ga. L. 1983, p. 938, § 1; OCGA § 33-7-11 (b) (2). See *Martin v. Doe*, 174 Ga. App. 156 (329 SE2d 291) (1985).

In this case, as in *Scott v. Allstate Ins. Co.*, 200 Ga. App. 296 (407 SE2d 492) (1991), the witness cannot corroborate the insured's description of the occurrence. She did see the unknown vehicle, and her description of it matches that of the claimant; both saw a Volkswagen vehicle. But she only heard the insured's vehicle strike the telephone pole, and she only saw the Volkswagen's too-rapid movement and very bright fog lights and headlights before the wreck and the results of the wreck immediately thereafter. She did not see the two vehicles meet and the crash occur. She did see the Volkswagen stopped over the centerline, with a man driving, when she arrived at the scene. She cannot as an eyewitness corroborate claimant's contention that the lights from that vehicle were so bright and high that they blinded him and that the Volkswagen was over the centerline before the wreck. That is, she cannot implicate the unknown vehicle in the occurrence for this purpose. *Hoffman v. Doe*, 191 Ga. App. 319, 320-321 (381 SE2d 546) (1989). Thus, although it is very close to being sufficient, the insured does not supply the corroboration which would eliminate the need for evidence of physical contact.

However, unlike *Scott,* supra, and *Murphy v. Ga. Gen. Ins. Co.,* 208 Ga. App. 501 (431 SE2d 147) (1993), there is evidence in this case of physical contact between the vehicle and insured's vehicle. Plaintiff testified in deposition that the Volkswagen came in contact with the left rear bumper of his car, took off some of the rubber, and left a scuff mark. He was certain it was not there before the incident. It was a tear on a large place, big enough so one would not have to look for it to see it. Because of its location, a jury could reasonably infer that it was not occasioned by the insured's crash into the pole. There is a photo showing the mark. Plaintiff believed the Volkswagen came in contact with his vehicle because it had crossed the centerline. The fact that this evidence may be subject to credibility concerns does not eliminate it. *Universal Security Ins. Co. v. Lowery,* 257 Ga. 363 (359 SE2d 898) (1987).

Far more attenuated "physical contact" than is present here has been accepted by this court as sufficient to achieve the legislative goal of averting fraudulent claims. In *Ins. Co. of North America v. Dorris,* 161 Ga. App. 46, 48 (2) (288 SE2d 856) (1982), contact between the side mirrors of the truck in which claimants were riding and the unidentified truck was sufficient, and that contact was remote in time from the injury-producing crash. In *Carlson,* supra, the requirement of physical contact was deemed satisfied by the striking of a third vehicle by the unknown vehicle, which third vehicle in turn struck the insured vehicle. In *State Farm Fire &c. Co. v. Guest,* 203 Ga. App. 711 (417 SE2d 419) (1992) (non-precedential), two judges agreed that the insured vehicle's striking a tire assembly, which was regarded as an integral part of a motor vehicle, was sufficient evidence of physical contact with the unknown vehicle. The assembly was in the middle of the highway when the insured vehicle struck it and the driver lost control. The third judge agreed that summary judgment for the insurer was not warranted, but for the reason that eyewitness testimony corroborated the insured's description of the occurrence. In any event, all agreed that the purpose of the alternative statutorily-prescribed requirements is to give some minimum degree of positive assurance that another vehicle was actually involved. See *State Farm Fire &c. Co.,* supra at 714 (the physical contact need not have *caused* the wreck).

Not having pierced that evidence, the uninsured motorist carrier is not entitled to summary judgment against its insured.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATION DISMISSED DECEMBER 19, 1994.

*Arthur C. Nilsen,* for appellant.
*Harper, Waldon & Craig, Thomas D. Harper, Hilliard V. Castilla,* for appellee.