## A96A2068. KOREY v. BELLSOUTH TELECOMMUNICATIONS, INC.

(485 SE2d 498)

BLACKBURN, Judge.

Harold Korey appeals from the trial court's grant of summary judgment to BellSouth Telecommunications, Inc. (BellSouth) on Bell-South's claim for amounts due on an account for telephone service, and from the trial court's denial of Korey's motion for summary judgment on such claim. Korey also appeals the trial court's denial of his motion to add a counterclaim for violation of the Fair Business Practices Act.

On May 7, 1985, Korey opened an account for telephone service with BellSouth. BellSouth avers that the account was opened on behalf of an entity Korey identified as Atlanta Temps, Inc. Korey offered contradictory testimony regarding the opening of the account. In his answer, which was incorporated into his interrogatory responses, Korey stated that the entity that ordered and received the telephone services in dispute was Atlanta Personnel Services, Inc. d/b/a Atlanta Temps. Elsewhere in his interrogatory responses, Korey stated that the account was established for Atlanta Temps, Inc. In a later affidavit, however, Korey stated that he opened the account on behalf of Southern Supplemental Services, Inc., and then transferred the account into Atlanta Temps, Inc.'s name after the two companies merged business operations.

Neither Atlanta Temps, Inc. nor Atlanta Personnel Services, Inc. was in fact incorporated at the time the account was opened. Atlanta Temps, Inc. was subsequently incorporated on August 8, 1986, and Atlanta Personnel Services, Inc. was incorporated on April 19, 1989. Southern Supplemental Services, Inc. was a validly existing corporation at the time the account was opened. BellSouth provided telephone service and submitted bills to Atlanta Temps, Inc. for several years after the account was established. When telephone service was disconnected on July 20, 1992, BellSouth sued Korey for amounts due on the account.

1. BellSouth contends that Korey was personally liable because there was no validly existing corporation at the time he opened the account. If Korey had not contested BellSouth's contention that he had established the account in the name of Atlanta Temps, Inc., then Korey would not be liable for the telephone charges at issue, as the account was terminable at will and such charges were incurred *after* the incorporation of Atlanta Temps, Inc. OCGA § 14-2-204 provides that "[a]ll persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this chapter, are jointly and severally liable for all liabilities created while so acting." It does not necessarily render an individual liable for all of a corporation's

obligations, but merely those *created prior to* its actual *incorporation*. If the creditor believes it is dealing with a corporation, and such corporation is formed after the account was established, the individual is not liable under the statute for debts *created after* incorporation.

The key factors are the time of *creation* of the obligation and its terminability. An individual will remain liable even after incorporation for obligations which are created prior to incorporation and are not terminable at will.

If an individual enters into a ten-year lease on behalf of a corporation prior to its actual incorporation, the entire debt would have been created at the time the lease was executed, and the individual would remain personally liable for payments due under the lease notwithstanding the subsequent incorporation. See *Wells v. Fay &c. Co.*, 143 Ga. 732 (85 SE 873) (1915) (individual signor liable on corporate notes executed prior to incorporation, notwithstanding that corporation subsequently undertook to make payments on notes). However, where obligations are terminable at will and the vendor deals with the corporation as a corporation after it has been properly formed, there is no liability on the part of the agent for post-incorporation debts incurred by such corporation. Thus, in this case, BellSouth would not ordinarily be entitled to recover from Korey because it had knowingly done business with Atlanta Temps, Inc. after it was created. See OCGA § 14-2-204.

However, Korey provided contradictory testimony regarding what entity he was acting on behalf of in opening the account, and he did not provide any explanation for the contradictions. Under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986), such contradictory testimony must be construed against him on a motion for summary judgment. So construed, Korey was acting on behalf of the unincorporated Atlanta Personnel Services, Inc. when he opened the account. As Korey asserts that the telephone service in question was ordered by and provided to Atlanta Personnel Services, Inc., the subsequent incorporation of Atlanta Temps, Inc. cannot relieve Korey from personal liability. Although a company known as Atlanta Personnel Services, Inc. was incorporated several years after the account was established, and assumed the liabilities of Atlanta Temps, Inc., BellSouth was not advised that it was dealing with Atlanta Personnel Services, Inc. as a corporation.

In these circumstances, OCGA § 14-2-204 can impose personal liability on an individual who incurs obligations on behalf of a nonexistent corporation or one which has not been formally created at the time the obligations are created. See *Weir v. Kirby Constr. Co.*, 213 Ga. App. 832 (446 SE2d 186) (1994). In construing OCGA § 14-2-204's predecessor statute, OCGA § 14-2-23, which was very similar to the current statute, we previously held that, where an account is

established on behalf of a non-existent corporation, and purchases are later made on the account by a subsequently formed corporation, the individual who established the account remains liable for such purchases *if the creditor has not been advised that it is dealing with the newly formed corporation.* See *Jones v. Burlington Indus.*, 196 Ga. App. 834 (397 SE2d 174) (1990); see also *Shea v. State Farm Fire &c. Co.*, 198 Ga. App. 790 (403 SE2d 81) (1991); *Carnes v. Mobley's Tire &c. Svc.*, 134 Ga. App. 913 (216 SE2d 703) (1975).

Thus, Korey remains personally liable for the telephone service charges at issue. This case comes under the rule set forth in *Jones*, supra, and Korey remains personally liable for post-incorporation charges. In its order, the trial court also found that Korey had personally assumed all liabilities of Atlanta Temps, Inc. pursuant to a written Asset Purchase Agreement. This finding was erroneous, as the Asset Purchase Agreement clearly provided that such liabilities were being assumed by Atlanta Personnel Services, Inc. and not by Korey individually. However, since BellSouth was entitled to summary judgment for the reasons discussed above, the trial court's order must be affirmed. Where the grant of summary judgment is right for any reason, it will be affirmed. See *Smith v. Housing Auth. &c. of Athens*, 212 Ga. App. 503, 504 (441 SE2d 847) (1994).

Accordingly, the trial court did not err in granting BellSouth's motion for summary judgment and denying Korey's motion for summary judgment.

2. Korey also appeals the trial court's denial of his motion to add a counterclaim for violation of the Fair Business Practices Act. The decision whether to grant or deny a motion to add a counterclaim is within the discretion of the trial judge, although the court should be liberal in allowing such claims where no prejudice would result. *Martin &c. Produce v. Lundy*, 197 Ga. App. 38, 39 (2) (397 SE2d 461) (1990).

In the present case, the trial court did not abuse its discretion by denying Korey's motion to add a counterclaim. Korey's basis for his counterclaim was an affidavit submitted by BellSouth's custodian of records and is not the basis for a violation of the Fair Business Practices Act. See OCGA § 10-1-390 et seq.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1997 —
RECONSIDERATION DENIED APRIL 2, 1997 —

*Mark P. Groves,* for appellant.

*Strongwater & Cherniak, Leeza R. Cherniak, Jennifer R. Kiser,* for appellee.