S97G1240. KOREY v. BELLSOUTH TELECOMMUNICATIONS, INC.
(498 SE2d 519)

HUNSTEIN, Justice.

We granted Harold Korey's petition for writ of certiorari from the Court of Appeals' opinion in *Korey v. BellSouth,* 225 Ga. App. 857 (485 SE2d 498) (1997) to address whether the Court of Appeals correctly applied the rules regarding contradictory testimony of a party-witness as set forth in *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27 (343 SE2d 680) (1986). Because the Court of Appeals in affirming the grant of summary judgment against Korey misapplied our holding in *Prophecy Corp.* by failing to give due weight to other evidence in the record favorable to Korey, we reverse.

BellSouth brought suit seeking to hold Korey individually liable on an unpaid telephone account he opened in May 1985. Korey answered claiming that the account was opened by a company that was doing business as Atlanta Temps, Inc.; he later stated in an interrogatory response that the account was opened by a different business which subsequently transferred the account to Atlanta Temps. Atlanta Temps was not incorporated until August 1986. BellSouth supported its motion for summary judgment with an affidavit averring that Korey established the account on behalf of Atlanta Temps. The Court of Appeals acknowledged that "BellSouth would not ordinarily be entitled to recover from Korey because it had knowingly done business with Atlanta Temps, Inc. after it was created. See OCGA § 14-2-204." *Korey,* supra at 858. However, the Court of Appeals affirmed the grant of summary judgment to BellSouth by construing against Korey the unexplained contradiction in Korey's testimony regarding the entity for whom the account was established.

*Prophecy Corp.* stands for the position that self-contradictory testimony is construed against the equivocator, absent a reasonable

explanation for the contradiction. Id., 256 Ga. at 30 (2). The holding in *Prophecy Corp.* is based on directed verdict and summary judgment cases which clearly state that the opposing party is entitled to judgment only where the favorable portion of the party's self-contradictory testimony "is the *only* evidence of his right to recover or of his defense." (Emphasis supplied.) Id. at 28 (1). In *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994), this Court explained that under *Prophecy Corp.*, the opposing party is not entitled to judgment in its favor where there is evidence other than the favorable portion of the equivocator's self-contradictory testimony that supports the equivocator's position, a rationale that applies whether the equivocator is the plaintiff or the defendant. We note that the Court of Appeals has recognized and applied this rule. See *Goins v. Tucker*, 227 Ga. App. 524 (2) (489 SE2d 857) (1997); *Carrollton Coca-Cola Bottling Co. v. Brown*, 185 Ga. App. 588 (1) (365 SE2d 143) (1988); *Associated Hosts of Ga. v. Marley*, 184 Ga. App. 352 (1) (361 SE2d 496) (1987).

The record in this case contained other evidence that supported Korey's claim that he was not individually liable on the account. Accordingly, the Court of Appeals erred when it failed to look beyond Korey's self-contradictory testimony to the record as a whole in determining the propriety of the trial court's grant of summary judgment to BellSouth. We thus reverse and remand this case to the Court of Appeals for it to apply the correct rule and to determine if the trial court's order was correct for any of the other reasons raised by Bell-South.

*Judgment reversed and case remanded. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED FEBRUARY 23, 1998.

*Mark P. Groves,* for appellant.
*Strongwater & Cherniak, Leeza R. Cherniak,* for appellee.