A98A0503. PAINTER v. CONTINENTAL INSURANCE COMPANY.
(504 SE2d 285)

JOHNSON, Presiding Judge.

Plaintiff Painter brought an action against a "John Doe" driver for personal injuries and served the complaint on Continental Insurance Company which had provided motor vehicle insurance, including uninsured motorist coverage, for his employer's vehicle. Plaintiff alleged that he was injured due to the negligence of the "John Doe" defendant when the vehicle he occupied crashed into a highway

median after being struck by an unknown vehicle. Defendant moved for summary judgment contending that plaintiff failed to show either of the alternative prerequisites for recovery of a claim where the owner or operator of a vehicle causing damage is unknown as provided pursuant to OCGA § 33-7-11 (b) (2). Defendant's motion for summary judgment was granted and plaintiff appeals.

Pursuant to OCGA § 33-7-11 (b) (2), plaintiff is required to establish either actual physical contact between the vehicle of the unknown party and the vehicle he occupied, or that his description of how the occurrence occurred is corroborated by an eyewitness other than himself. See *State Farm &c. Ins. Co. v. Swetmon*, 228 Ga. App. 538 (492 SE2d 678) (1997); *Murphy v. Ga. Gen. Ins. Co.*, 208 Ga. App. 501 (431 SE2d 147) (1993); *State Farm Fire &c. Co. v. Guest*, 203 Ga. App. 711 (417 SE2d 419) (1992); *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 49 (1) (397 SE2d 466) (1990).

Plaintiff deposed that a co-worker, Horace Stewart, was driving the company owned pickup truck in the right-hand lane of I-285 northbound when a vehicle merging from I-20 westbound struck their vehicle. Plaintiff stated that: "He hit us in the back as he came off. He hit us on the back right corner. Started the truck to turn this way. Spun to the right. The front end did. When Mr. Stewart corrected it, it spun back hard the other way and seemed to catch traction and just shot right into the median concrete barrier between the lanes. And we hit him just pretty much straight head on. Went across all the traffic lanes. I don't know how many it hit." Plaintiff also testified that he felt and heard the impact of the unknown vehicle. Following the hearing on defendant's motion for summary judgment, plaintiff filed the affidavit of Stewart which was considered by the state court in reaching its judgment. Stewart stated that: "an unidentified vehicle came off of the exit ramp from I-20 West and caused their vehicle to swerve and lose control."

The state court held that Stewart's affidavit was not consistent with plaintiff's deposition testimony and construed the supposedly conflicting testimony against plaintiff. See *Gentile v. Miller, Stevenson & Steinichen, Inc.*, 257 Ga. 583 (361 SE2d 383) (1987). For the following reasons, the state court's grant of summary judgment to Continental Insurance Company must be reversed.

1. *Conflicting testimony*. In this case, the claimant's testimony on deposition as to how the incident occurred is not in material conflict with his description of the incident as evidenced in his complaint. Compare *Atlanta Cas. Ins. Co. v. Crews*, supra at 49 (2). Further, the affidavit of Stewart is not actually contradictory of Painter's claim about the vehicle being struck by a phantom vehicle. However, even if it is considered contradictory, the rule of self-contradictory testimony does not apply to Painter. The rule in *Prophecy Corp. v. Charles*

*Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986), and thus perforce the similar rule as applied in *Gentile*, supra, "that a party/ witness testimony is to be construed against him when self-contradictory — does not apply to the testimony of a third-party witness." *Allen v. King Plow Co.*, 227 Ga. App. 795, 799 (4) (490 SE2d 457) (1997). Any inconsistency in Stewart's affidavit could not be construed against Painter as to whom no self-inconsistent testimony as to this issue is shown. As Stewart's sworn account on affidavit is not self-contradictory, within the meaning of *Gentile* and *Prophecy*, it remains viable evidence, evidence which corroborates Painter's contention as to the existence of a phantom vehicle which caused the incident. Cf. *Korey v. Bell South &c.*, 269 Ga. 108 (498 SE2d 519) (1998) (opposing party is not entitled to judgment in its favor where there is evidence other than the favorable portion of the equivocator's self-contradictory testimony that supports the equivocator's position).

2. *OCGA § 33-7-11.* OCGA § 33-7-11 (b) (2) pertinently provides: "A motor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown. . . . [I]n order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact *must* have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact *shall not* be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." (Emphasis supplied.) The last sentence of this Code section was added to provide for coverage for accidents caused by unknown motorists where the unknown motorist's vehicle does not contact the insured's vehicle. *Atlanta Cas. Ins. Co. v. Crews*, supra at 49 (1).

It was not the intent of the legislature to create a rule which would arbitrarily preclude coverage, for example for a victim injured so rapidly or so severely she could not testify as to how the occurrence happened, regardless of the number of competent witnesses available to testify as to the actual involvement of a John Doe driver and his phantom automobile. Id. at 50 (3). Rather, it was the legislature's intent "to create a reasonable rule which would reduce the possibility of fraudulent claims where the phantom vehicle did not cause *actual physical contact*, while still allowing an innocent automobile victim, 'coverage for accidents caused by unknown motorists where the unknown motorist vehicle does not physically contact the insured's vehicle,' but where the claimant's assertions of a phantom vehicle could be corroborated by an eyewitness." (Emphasis supplied.) Id. What the legislature intended to be established with rea-

sonable certainty, so as to preclude fraudulent claims, is the *existence* of a phantom automobile which *caused* the damage or injury. The legislature provided two methods by which this can be accomplished: (a) by proof of actual physical contact, or (b) by the claimant's description of the occurrence corroborated by eyewitness testimony. The eyewitness does not have to be a disinterested third party. See *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359 SE2d 898) (1987).

The corroboration required by the eyewitness account is corroboration of that portion of the claimant's description asserting the existence of a phantom vehicle which caused the incident; that is, existence and causation. This is the degree of corroboration that is necessary to reasonably reduce the possibility of a fraudulent claim. Other discrepancies between the claimant's description and the eyewitness account should be treated like any other evidentiary conflict — as presenting issues for resolution by the factfinder as to witness credibility and evidentiary weight.

As there exists an eyewitness who adequately corroborates that portion of Painter's description of the occurrence which asserts that a phantom vehicle was present and caused the incident, there exists no need to further inquire as to the existence of actual physical contact. Accordingly, the judgment of the trial court must be reversed.

The precedent in *Bone v. State Farm Mut. Ins.*, 215 Ga. App. 782 (452 SE2d 523) (1994) is not relevant to the disposition of this case and therefore the legal principle which it addresses is not ripe for appellate reconsideration.

*Judgment reversed. Andrews, C. J., Pope, P. J., Blackburn, Smith, Ruffin, JJ., and Senior Appellate Judge Harold R. Banke concur. McMurray, P. J., Beasley and Eldridge, JJ., concur specially.*

McMURRAY, Presiding Judge, concurring specially.

I am compelled to specially concur because I cannot go along with the majority holding that the case sub judice is not ripe for reconsidering that part of *Bone v. State Farm Mut. Ins.*, 215 Ga. App. 782 (452 SE2d 523), which holds that the OCGA § 33-7-11 (b) (2) corroboration requirement applies to proof of actual physical contact. Because such reasoning was the basis of the trial court's summary judgment order in the case sub judice, I believe this Court is authorized and obliged to resolve any confusion spawned by the decision in *Bone.*

The trial court points out in its summary judgment order that defendant Continental Insurance Company's motion for summary judgment "is based on Plaintiff's failure to establish physical damage or to present any evidence corroborating his claim that he was hit by an uninsured motorist pursuant to the provisions of O.C.G.A. § 33-7-11 (b) (2)." The trial court then reasons that defendant is entitled to

summary judgment because (quoting from the trial court's summary judgment order) "there is nothing in [Horace Stewart's] affidavit which corroborates actual physical contact between Plaintiff's vehicle and the John Doe vehicle." This ruling, in my view, vests this Court with jurisdiction to consider whether corroboration is required with respect to evidence of actual physical contact between the vehicles. No such requirement had been discussed prior to *Bone v. State Farm Mut. Ins.*, 215 Ga. App. 782, supra, which holds that OCGA § 33-7-11 (b) (2)'s corroboration requirement applies to proof of actual physical contact. The majority in *Bone* reasoned that circumstantial evidence of actual physical contact, the damage to the insured's car discovered after the incident, did not provide proof that actual physical contact ever occurred because "[s]uch circumstantial evidence will not supply the necessary corroboration to satisfy OCGA § 33-7-11. *Murphy* [*v. Ga. Gen. Ins. Co.*, 208 Ga. App. 501, 502, supra]. Therefore, Plaintiff has not supplied sufficient corroboration of actual physical contact to allow recovery under OCGA § 33-7-11." Id. at 783.

I believe the *Bone* case is mistaken and must be overruled. A reading of OCGA § 33-7-11 (b) (2) shows that the corroboration requirement relates only to the exception which is provided for those circumstances in which there is no physical contact between the vehicles of the unknown uninsured motorist and the insured. Or, in other words, where there has been actual physical contact, there is no corroboration requirement and the proof of the fact of actual physical contact may be provided under general rules of evidence. Accordingly, since no case cited in the *Bone* opinion holds otherwise, I believe that for purposes of summary judgment, plaintiff's deposition testimony in the case sub judice is sufficient to establish actual physical contact.

I am authorized to state that Judge Eldridge joins in this special concurrence.

BEASLEY, Judge, concurring specially.

Although I would still maintain the correctness of the dissenting opinion in *Bone v. State Farm Mut. Ins.*, 215 Ga. App. 782 (452 SE2d 523) (1994), I agree with the majority that this is not a proper case in which to overrule that case.

In *Bone* the majority agreed with the trial judge that proof of "actual physical contact" had to be corroborated in order to satisfy the first alternative in OCGA § 33-7-11 (b) (2). They regarded the circumstantial evidence as insufficient corroboration. The dissent did not read the first statutory alternative as requiring corroborative evidence and regarded the plaintiff's deposition testimony as sufficient circumstantial evidence of "actual physical contact" so as to survive summary judgment. All of the participating appellate judges agreed

with the trial judge that plaintiff's case fell short of fulfilling the second alternative because the nonparty witness was not an eyewitness and could not corroborate the claimant's description of how the incident occurred. The majority opinion held that neither of the statutory alternatives was available in plaintiff's situation, whereas the dissent concluded that plaintiff's evidence satisfied the "actual physical contact" category.

In Painter's case, the majority opinion holds that plaintiff's direct testimony, establishing that the unknown vehicle struck the truck in which he was riding and that he felt and heard the impact and saw the car's shadow as it went by them immediately thereafter, met the requirements of the first "actual physical impact" alternative and did not require corroboration. I agree with that.

The trial court, which erroneously referred to the passenger plaintiff as the driver and the driver-witness as the passenger when it was vice versa, committed a second error by requiring corroboration. The trial court then ruled that the non-party's affidavit failed to corroborate the plaintiff's evidence and that the plaintiff's testimony constituted unexplained self-contradiction which was to be construed against him.

As demonstrated in the majority opinion, plaintiff's own testimony supplied evidence of actual physical contact between the unidentified car and the truck in which he was riding. Not only did he describe it orally, he showed by diagram where the car "clipped," i.e., "hit," the truck. That satisfied the fraud-precluding requirement that "actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured." OCGA § 33-7-11 (b) (2). No corroboration was required.

Deciding this case within the frame of the first alternative requires overruling *Bone*. Deciding it instead upon an analysis of the second alternative's approach does not, because the plaintiff's testimonial description of how the unidentified motorist caused the occurrence, which amplifies the allegations in his complaint, is corroborated by eyewitness Stewart's affidavit statement "that as their vehicle exited I-20 and proceeded north on I-285 an unidentified vehicle came off of the exit ramp from I-20 West and caused their vehicle to swerve and lose control . . . [and thus] caused the accident of their vehicle." Therefore, a consideration of *Bone* is not necessary to resolve this summary judgment case, and its overruling here would be improper because it would be dicta. *Flournoy v. State*, 266 Ga. 618, 619 (2) (469 SE2d 195) (1996); *White v. State*, 213 Ga. App. 429, 430 (1) (445 SE2d 309) (1994). See also *Wand v. State*, 230 Ga. App. 460, 465 (496 SE2d 771) (1998) (McMurray, P. J., concurring specially); *Cornwell v. State*, 193 Ga. App. 561, 565 (388 SE2d 353)

(1989) (Benham, J., concurring specially).

DECIDED JULY 15, 1998.

*David L. Smith*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Marvin D. Dikeman, Steven R. Thornton*, for appellee.