## A96A2068. KOREY v. BELLSOUTH TELECOMMUNICATIONS, INC.

### (504 SE2d 759)

BLACKBURN, Judge.

In *Korey v. BellSouth Telecommunications*, 225 Ga. App. 857 (485 SE2d 498) (1997), we affirmed the grant of summary judgment to BellSouth on its claim against Harold Korey for amounts due on an account for telephone service. On appeal, the Supreme Court reversed, holding that we had incorrectly applied the rules regarding contradictory testimony of a party witness as set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). *Korey v. BellSouth Telecommunications*, 269 Ga. 108 (498 SE2d 519) (1998). The Supreme Court remanded this case for us "to apply the correct rule and to determine if the trial court's order was correct for any of the other reasons raised by BellSouth." Id. at 109.

1. In our earlier opinion, we held that, except for Korey's contradictory testimony regarding the entity on whose behalf he had established the account, "BellSouth would not ordinarily be entitled to recover from Korey because it had knowingly done business with Atlanta Temps, Inc. after it was created." *Korey*, supra, 225 Ga. App. at 858 (1). Construing such contradictory testimony against Korey, however, we held that BellSouth was entitled to summary judgment. Id. at 858-859 (1).

On appeal, however, the Supreme Court held that "the opposing party is not entitled to judgment in its favor where there is evidence other than the favorable portion of the equivocator's self-contradictory testimony that supports the equivocator's position." *Korey*, supra, 269 Ga. at 109. The Court further held that "[t]he record in this case contained other evidence that supported Korey's claim that he was not individually liable on the account." Id. In light of the Supreme Court's opinion, it is clear that BellSouth is not entitled to summary judgment, and the trial court's order granting summary judgment to BellSouth must be reversed.

However, although Korey's contradictory testimony does not require summary judgment in favor of BellSouth, such testimony remains in the record and, for the same reasons discussed in our

earlier opinion, precludes summary judgment in favor of Korey. Such testimony would authorize the trier of fact to conclude, as set forth in our prior opinion, that "Korey was acting on behalf of the unincorporated Atlanta Personnel Services, Inc. when he opened the account." *Korey*, supra, 225 Ga. App. at 858 (1). If the jury concludes that the telephone service in question was ordered by and provided to this entity, then, as we held in our earlier opinion, the subsequent incorporation of Atlanta Temps, Inc. would not relieve Korey from personal liability. Id. Accordingly, the trial court did not err in denying Korey's motion for summary judgment.

2. The Supreme Court did not address our ruling in Division 2 of our earlier opinion that the trial court did not err in denying Korey's motion to add a counterclaim for violation of the Fair Business Practices Act. *Korey*, supra, 225 Ga. App. at 859 (2). Accordingly, that ruling remains unchanged.

*Judgment affirmed in part and reversed in part. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 21, 1998.

*Mark P. Groves*, for appellant.
*Strongwater & Cherniak, Leeza R. Cherniak, Jennifer R. Kiser*, for appellee.