**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 27, 2012**

# In the Court of Appeals of Georgia

A12A1608. REAVES et al. v. STATE FARM MUTUAL
   AUTOMOBILE INSURANCE COMPANY.

RAY, Judge.

Angela Reaves, as executrix of the estate of her deceased husband, Timothy Reaves, appeals from the trial court's grant of summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm") on her claims for her own loss of consortium and her late husband's injuries. At issue is whether Reaves has met the statutory requirements of OCGA § 33-7-11 (b) (2) for coverage of claims against an uninsured motorist. We find that she has, and, accordingly, we reverse the judgment in part and remand the case to the superior court with direction.

On appeal from a grant of summary judgment, we apply a de novo standard of review, and consider the evidence and all reasonable inferences and conclusions

drawn from it in the light most favorable to the nonmoving party.[1] Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2]

On February 18, 2009, Timothy Reaves was driving a truck owned by his employer on Interstate 75 in Peach County. A thunderstorm developed, producing rain, hail, and strong gusts of wind. Angela Reaves claims that a large tractor-trailer, driven by an unidentified "John Doe," veered into Timothy Reaves' lane of travel and made contact with the rear of his vehicle, causing it to spin out of control and collide with a highway barrier, resulting in serious injuries to Timothy Reaves. A witness, Cedric Perkins, saw the tractor-trailer swerve into the lane that his vehicle and Timothy Reaves' vehicle were traveling in, and saw Timothy Reaves crash into the barrier, but did not see any actual physical contact between the tractor-trailer and Timothy Reaves' truck.

Pursuant to OCGA § 33-7-11 (b) (2):

A motor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown. . . . [I]n order for the insured

---

[1] *Bituminous Ins. Co. v. Coker*, 314 Ga. App. 30, 30 (722 SE2d 879) (2012).

[2] OCGA § 9-11-56 (c).

to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, *actual physical contact shall have occurred* between the motor vehicle owned or operated by the unknown person and the person or property of the insured. *Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness* to the occurrence other than the claimant.[3]

After her husband died in September 2009, Angela Reaves sued. The trial court then granted State Farm's motion for summary judgment, finding that the requirements of OCGA § 33-7-11 (b) (2) had not been met because there was only circumstantial evidence of physical contact between Timothy Reaves' truck and the "phantom vehicle" tractor-trailer and that such contact had not been corroborated; the court also found that, in the absence of physical contact, Perkins' eyewitness account did not serve to corroborate Timothy Reaves' statements regarding causation of the accident by the tractor-trailer. The court did not rule on the admissibility of deposition testimony and other evidence from her late husband that Angela Reaves attempted to use to establish actual physical contact.

_____

[3] (Emphasis supplied.)

1. Angela Reaves contends that the trial court erred in finding that OCGA § 33-7-11 (b) (2) requires corroboration of her late husband's statements that there was actual physical contact between his truck and the tractor-trailer.

While it is clear that OCGA § 33-7-11 (b) (2) requires eyewitness corroboration in the event that there is *no* physical contact, the issue squarely before us is whether corroboration is required where there is direct evidence of actual physical contact, which Angela Reaves attempts to present through deposition testimony from her late husband, as well as statements he made to physicians and to his employer.

Timothy Reaves stated in a deposition taken in preparation for a Workers' Compensation action that "the right rear of my vehicle . . . took a bump or something from the tractor-trailer." In a claim report for his employer, he wrote that his truck was "clipped [on] the rear . . . causing me to slam into the guard rail." His physicians' notes state that he reported being "hit from behind by an 18 wheeler" and "hit by a tractor trailer on the rear driver's side."

If admissible, the above statements constitute direct evidence. Direct evidence is "evidence which immediately points to the question at issue."[4] Or, put another way,

---

[4] OCGA § 24-1-1 (3).

4

it is "evidence based on personal knowledge or observation and that, if true, proves a fact without inference or presumption."[5]

In granting State Farm's motion for summary judgment, the trial court held that the evidence Angela Reaves presented was circumstantial and that circumstantial evidence of physical contact requires corroboration under OCGA § 33-7-11 (b) (2).

This Court determined in *Bone v. State Farm Mutual Insurance*[6] that corroboration is required for the physical contact element of the statute. In *Bone*, however, unlike the instant case, all evidence of physical contact was circumstantial. The *Bone* plaintiff deposed that he neither felt nor saw any contact between the vehicles, but believed impact occurred because of damage to his car.[7] His only other evidence was an affidavit from the person who painted his car, stating that there was body damage to the vehicle "as if" it had been struck by another car.[8]

---

[5] (Citation and punctuation omitted.) *Hicks v. Heard*, 286 Ga. 864, 868 (692 SE2d 360) (2010).

[6] 215 Ga. App. 782 (452 SE2d 523) (1994).

[7] Id. at 783.

[8] Id.

*Bone* is not only distinguishable from the instant case in that it determined that corroboration is required where the only evidence of physical contact is circumstantial, but also it is incorrect in applying the corroboration requirement to the statute's physical contact element. To do so, *Bone* relies on language in *Murphy v. Georgia General Insurance Company*[9] indicating that circumstantial evidence such as "statements given by the plaintiff to police, testimony of the plaintiff in both affidavits and depositions and/or physical damage to the plaintiff's automobile" is insufficient corroboration. However, *Murphy* made this determination in the very limited context of a case involving no evidence or allegation of actual physical contact between the vehicles. In *Murphy*, the plaintiff was the only eyewitness to his own accident, and this Court found that he could not substitute his own "corroboration" for the independent eyewitness corroboration required by the statute where there is no physical contact.[10]

Here, the pertinent portion of OCGA § 33-7-11 (b) (2) provides only that the insured must show "actual physical contact. . . between the motor vehicle owned or operated by the unknown person and the person or property of the insured." In a

---

[9] 208 Ga. App. 501, 501 (431 SE2d 147) (1998).

[10] Id.

6

separate sentence dealing only with the lack of physical contact, OCGA § 33-7-11 (b) (2) continues, "[s]uch physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant."

When interpreting a statute, "we are required to follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else."[11] Further, if the General Assembly intended something other than the literal meaning of the words used in this statute, it could have otherwise specified.[12]

The error in *Bone* was recognized by Presiding Judge McMurray in a later case in a special concurrence in which he wrote,

> A reading of OCGA § 33-7-11 (b) (2) shows that the corroboration requirement relates only to the exception which is provided for those circumstances in which there is no physical contact between the vehicles of the unknown uninsured motorist and the insured. Or, in other words where there has been actual physical contact, there is no corroboration

---

[11] (Citation and punctuation omitted.) *Bituminous Ins. Co.*, supra at 35.

[12] See *Hoffman v. Doe*, 191 Ga. App. 319, 320 (2) (381 SE2d 546) (1989) (construing OCGA § 33-7-11 (b) (2)).

7

requirement and the proof of the fact of actual physical contact may be provided under general rules of evidence.[13]

Thus, to the extent that *Bone* can be read to require corroboration of actual physical contact under OCGA § 33-7-11 (b) (2), it is overruled. Accordingly, we find that the trial court erred in granting summary judgment, and we reverse.

2. The evidence discussed in Division 1 consists of a deposition Timothy Reaves gave in preparation for a Workers' Compensation action; statements he made to his treating physicians after the accident; and a report of claim that he made to his employer after the accident. On appeal, State Farm does not contest the admissibility of the report of claim, but does contest the admissibility of the deposition and statements to Reaves' physicians, apparently in an attempt to show that the trial court's ruling was right for any reason.[14] State Farm contested the admissibility of the deposition and medical documents below, but the trial court did not rule on the issue.

---

[13] *Painter v. Continental Ins. Co.*, 233 Ga. App. 436, 440 (504 SE2d 285) (1998) (McMurray, P. J., concurring specially).

[14] See *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (appellate courts may exercise discretion as to when to follow the "right for any reason" rule and consider grounds not addressed by the trial court).

In regards to the medical records, the facts are set, and we are able to apply the facts to the law in the same manner as the trial court in furtherance of judicial economy.[15] OCGA § 24-3-4 provides that "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external sources thereof as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." Here, it is clear from the record that Timothy Reaves made these statements to his physicians while seeking medical treatment and diagnosis shortly after his accident. The medical documents are admissible.

As to the Workers' Compensation deposition, however, the record does not contain certain facts relative to the identity of the parties and the claims necessary for us to reach the issue of admissibility. Further, there is nothing in the record indicating whether the report of claim was, for example, a business record. If these documents are admissible, Angela Reaves may be able to prove actual physical contact between Timothy Reaves' vehicle and that of the unidentified motorist. Whether these documents are admissible, however, must be determined in the first instance by the

---

[15] See id. at 838 ("The de novo standard advances judicial economy by recognizing that, in summary judgment cases, the factual record is set and the appellate courts can, as well as the trial courts, apply those facts to the law").

9

court below,[16] exercising its discretion under the appropriate authority.[17] Accordingly, we remand the case for further proceedings not inconsistent with this opinion.

3. Angela Reaves additionally contends that the testimony of the eyewitness, Perkins, sufficiently corroborated her late husband's account of how the accident occurred. Because of our finding in Division 1, we need not reach this issue.

*Judgment reversed and case remanded with direction. Ellington, C. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Doyle, P. J., Andrews, Adams, Dillard, McFadden, Boggs and Branch, JJ., concur.*

---

[16] See *An v. Active Pest Control South, Inc.*, 313 Ga. App. 110, 110-111 (720 SE2d 222) (2011).

[17] See OCGA § 9-11-32 (3) (A) ("The deposition of a witness . . . may be used by any party for any purpose if the court finds: That the witness is dead"); OCGA § 24-3-10 ("The testimony of a witness since deceased . . . which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony"); OCGA § 24-3-14 (b) ("Any writing or record . . . made as a memorandum or record of any act, transaction, occurrence, or event, may be admissible in evidence in proof . . . if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter").